## Case No. 17,677.

WILKINSON et al. v. WILKINSON et al.

[2 Curt. 582.] [1]

Circuit Court, D. Rhode Island.   June Term, 1856.

FEDERAL COURT—JURISDICTION—SUIT BY ASSIGNEE — DIVERSE CITIZENSHIP — ASSIGNMENT FOR CREDITORS—PURCHASE BY BENEFICIARY.

1. An assignee of a right to an account of the proceeds of sales of mortgaged property, cannot maintain a suit in the circuit court of the United States, in a case where his assignors were not competent on the ground of citizenship, to sue the defendants.

[Distinguished in McNichol v. Phelps, 16 Fed. 9. Cited in Simons v. Ypsilanti Paper Co., 33 Fed. 194.]

2. If a cestui que trust under an assignment for the benefit of creditors, buys a right of property which the assignees were empowered to sell, in the execution of their trust; he must claim as a purchaser under them, not as a cestui que trust.

Mr. Cozzens, for complainant.
Mr. Potter, contra.

CURTIS, Circuit Justice. This is a suit in equity to which George Wilkinson, a citizen of the state of Connecticut, and Hiram M. Barney, a citizen of the state of Illinois, were originally the parties plaintiff, and the administrators of William Wilkinson, deceased, and Benjamin Fessenden, all citizens of Rhode Island, are the parties defendant.

The bill states, that Abraham and Isaac Wilkinson, mortgaged certain real and personal property to the deceased, William Wilkinson, conditioned to indemnify him against certain liabilities he was under, or might incur for the mortgagors, with a power of sale in case of breach of condition; that subsequently the mortgagors conveyed the equity of redemption of the mortgaged premises, together with other property, to William Wilkinson, Nathaniel Searle, the plaintiff Barney, and the defendant Fessenden, in trust to sell the same, and to apply the proceeds to pay particular creditors of the assignors, of whom the plaintiff, George Wilkinson, was one.

The bill further states, that William Wilkinson, in his lifetime made sales under the powers contained in the deeds of mortgage, fully reimbursed himself for all his payments, and extinguished all his liabilities for the mortgagors, and had in his hands a surplus, for which he ought to have accounted to the assignees of Abraham and Isaac Wilkinson. That Searle, one of the assignees, is dead; and that the surviving assignees, for a valuable consideration, have sold and assigned to the plaintiff, George Wilkinson, all their right and title to what remained in the hands of William Wilkinson, as above stated. The bill prays for an account by the administrators of William Wilkinson, of the moneys received by him under the sales of the mortgaged property, and of the disposition there-

of, and that the balance may be decreed to be paid to George Wilkinson, as assignee thereof.

The eleventh section of the judiciary act of 1789 (1 Stat. 78) declares "that no district or circuit court shall have cognizance of any suit to recover the contents of any promissory note, or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court, to recover the said contents, if no assignment had been made."

I am of opinion that an equitable assignee of a claim to an account is within this restrictive clause. In Seré v. Pilot, 6 Cranch [10 U. S.] 335, Mr. Chief Justice Marshall, speaking of a suit in equity by an assignee for an account, says: "Without doubt, assignable paper, being the chose in action most usually transferred, was in the minds of the legislature when the law was framed; and the words of the provision are, therefore, best adapted to that class of assignments. But there is no reason to believe that the legislature were not equally disposed to except from the jurisdiction of the federal courts, those who could sue in virtue of equitable assignments and those who could sue in virtue of legal assignments. The assignee of all the open accounts of a merchant, might, under certain circumstances be permitted to sue in equity, in his own name, and there would be as much reason to exclude him from the federal courts, as to exclude the same person, when the assignee of a particular note. The term, "other chose in action," is broad enough to comprehend either case, and the word "contents," is too ambiguous to restrain that general term. The contents of a note are the sum it shows to be due; and the same may, without much violence to language, be said of an account.

No substantial distinction in this respect, can be made between a right to an account of sales of mortgaged property, and any other right to an account. They are all choses in action within the meaning of this law. They are rights to recover sums of money by means of suits; and whether the right be legal or equitable, whether the assignment thereof passed a legal title so as to enable the assignee to sue in his own name at law, or only an equitable title, to be asserted through the aid of a court of chancery, it was equally the purpose of this restrictive clause to prevent the citizenship of the assignee from enabling him to come into a court of the United States. Such, in general, was the view taken of it by the supreme court, in Sheldon v. Sill, 8 How. [49 U. S.] 441; and which was not modified by Deshler v. Dodge, 16 How. [57 U. S.] 622, which explained its meaning.

The true inquiry here is, therefore, whether the plaintiff's assignors could have sued in the circuit court on the title shown by this bill. And it is manifest they could not, for one of them is a citizen of Rhode Island. It is urged, however, that Barney, one of the surviving assignees of A. and I. Wilkin-

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

son, might have brought his bill against his co-assignee Freeman, and the administrators of William Wilkinson, and alleged, that he joined Freeman as a defendant to compel him to do his duty in collecting the money, and paying it to creditors. That such a bill might be sustained, may be admitted. But it would be a case differing widely from the one shown by this bill: which shows that both assignees, Freeman and Barney, in the execution of their trust, have sold this claim to the plaintiff, George Wilkinson. They have no further duty as assignees to perform, in the collection of this money; and, consequently, one of them, upon the present state of facts, could not allege, that the other should be made a defendant, to compel him to discharge any trust, as to this account.

George Wilkinson is the assignee of both Freeman and Barney. It was necessary that both of them should join to make him any title. Wilbur v. Almy, 12 How. [53 U. S.] 180. Both did join; one is as much his assignor as the other; or, rather being but trustees, both united conveyed one entire title. Unless both could have sued upon this title if no assignment had been made, the assignee cannot sue. And he cannot escape the difficulty by suggesting, that if no assignment had been made, there might have arisen such a state of facts that a court of equity would have allowed one of the trustees to represent and enforce the whole title. I cannot presume that Freeman would have refused to do his duty, and join in a suit for an account, if any thing was due.

It is further urged, that George Wilkinson, being a cestui que trust under the assignment of A. and I. Wilkinson, may sustain this bill in his own right. But the creditors of A. and I. Wilkinson have no longer any equitable interest in the account for which this bill is filed. The right to an account having been sold, and assigned by the trustees, for a valuable consideration in the execution of their trust, the purchase-money is substituted in place of the right; and George Wilkinson as a creditor and cestui que trust, has no right therein. The entire interest belongs to him as a purchaser.

My opinion is that the bill must be dismissed for want of jurisdiction.