### McNICHOL *v.* PHELPS and another.

*(Circuit Court, E. D. Michigan. December 26, 1882.)*

1. JURISDICTION — SUIT BY PURCHASER OF PARTNER'S INTEREST AT EXECUTION SALE—ACCOUNTING.

   A purchaser at an execution sale of the interest of one partner in the partnership assets, if such purchaser be a non-resident of the state, may maintain a bill in equity against the remaining partner for a division of such assets and an accounting, notwithstanding the fact that the partner, whose interest is so purchased, could not himself have filed such bill, for want of the requisite citizenship.

2. SAME—SUIT BY ASSIGNEE—ACT 1875, § 1.

   Such suit is not " founded upon contract in favor of an assignee," within the meaning of the first section of the act of 1875.

In Equity. On motion for an injunction and receiver.

Certain creditors of Martin Geiger obtained judgment, and levied execution upon his interest in the stock in trade and accounts of Geiger & Phelps, a firm engaged in the crockery business in the city of Detroit. Both partners were citizens of Michigan. The property of the partnership, which complainant alleged to be of the value of $8,000, was incumbered by a mortgage to Geiger's wife of $1,170. Geiger's interest in the partnership was also incumbered by other mortgages to the amount of $1,700. Complainant, who was a citizen of Ohio, purchased the interest of Geiger in the property at execution sale, and filed this bill against Phelps & Geiger for an accounting, in order that Geiger's interest in the firm might be adjusted and turned over to the complainant.

*Geo. W. Bates*, for complainant.

*Charles F. Burton*, for defendant Phelps.

BROWN, J. In opposition to this motion, defendant Phelps insists that this is a suit "founded upon contract in favor of an assignee," and therefore not cognizable by this court, because, under the act of 1875, it could not have been prosecuted herein by Geiger, if no sale of his interest in the firm had taken place. He urges that complainant's interest arose from an implied contract between Geiger and Phelps, under which, in case of a dissolution, each was bound to account to the other, and divide the surplus equally; and that complainant, who bought Geiger's interest, is, in law, an assignee of such contract, and took by his purchase a mere right to demand an accounting by Phelps, and no interest in the partnership property. He relies for this position upon the authority of *Wilkinson* v. *Wilkinson*, 2 Curt. 582, in which it was held, under the eleventh section of the judiciary act, that an assignee of a right to an account of the proceeds of sales of mortgaged property cannot maintain a suit in the circuit court of the United States, in a case where his assignors were not competent, upon the ground of citizenship, to sue the defendant. We do not deem this ruling conclusive upon the point, as all the property in this case had been converted into money. The statutes, too, are quite dissimilar. Upon the other hand, complainant argues that the sale of Geiger's interest to him passed an interest in the partnership property itself, and that the accounting is but an incident to the determination of such interest.

There is no doubt that the sale of Geiger's interest wrought a dissolution of the partnership. Complainant and Phelps thereby became tenants in common of the partnership assets, subject to the

partnership debts. If the case were one of joint tenancy of lands, there could be no doubt that the vendee of one of the joint tenants might maintain a bill for partition, notwithstanding there were unpaid debts which were chargeable to the joint tenancy. The same rule would apply to a joint tenancy of personal property, if the property itself were divisible. Unless it can be said that the interest of a partnership after dissolution is a *mere* right to an accounting, then the complainant stands in the position of a vendee of personal property, with a right to sue in this court, which the vendor might not have. .Defendants' argument presupposes that defendant Phelps is bound at all events to account for and pay over the value of the stock remaining on hand after the payment of the debts; but I apprehend that his duty to the complainant would be discharged by tendering him a moiety of the stock remaining on hand, *in specie*, after such payment.

If, in the course of winding up the partnership affairs, a sale of the stock is had, it is only because it is a more convenient way of paying the debts and ascertaining the value of the surplus. But if, for instance, the firm were dealers in grain, and their entire stock in trade consists of 100,000 bushels of wheat, and there were no debts, it seems to me entirely clear that, upon a dissolution, the court would have the power to direct the wheat to be divided equally between the partners. Such, we think, is the proper deduction from the case of *Clagett* v. *Kilbourne,* 1 Black, 346. The facts in this case, that the partnership assets consist of crockery and accounts, and that the entire stock in the store, as well as Geiger's interest in it, are subject to chattel mortgages, as well as other partnership debts, do not affect the principle. Possibly, if the entire assets consisted of claims and accounts, a different result would follow; but it is not necessary to express an opinion upon this question. We think the complainant is correct in his position that he took by his purchase an interest in the partnership property itself, and that his right to an accounting is incidental and subsidiary thereto.

As there seems to be no doubt that Phelps is insolvent, and refuses to allow complainant to participate in the winding up of the partnership, and denies his interest in the property, I think it a case for an injunction and the appointment of a receiver.