## SIMONS *v.* YPSILANTI PAPER CO.

*(Circuit Court, E. D. Michigan.* January 3, 1888.)

COURTS—FEDERAL JURISDICTION—ASSIGNMENT—CITIZENSHIP—ACT OF MARCH 3, 1887.

An action to recover damages for a refusal to accept and pay for merchandise purchased under an oral contract, is a suit to recover the contents of a *chose in action,* within the meaning of the act of March 3, 1887, and the circuit court has no jurisdiction of such suit in favor of an assignee. unless it might have been prosecuted in such court if no assignment had been made.

*(Syllabus by the Court.)*

On Motion to Set Aside Nonsuit.

This was an action upon contract to recover damages for the refusal of the defendant, the Ypsilanti Paper Company, to accept and pay for 300 tons of rags which it had agreed to buy of the firm of S. Simons & Son. One member of this firm being a citizen of Michigan, the firm assigned the cause of action to the plaintiff, the other member of the firm, who was averred in the declaration to be a citizen of Russia, and a subject of the czar of Russia. Defendant pleaded to the jurisdiction, and upon the trial plaintiff submitted to a nonsuit, and thereupon made this motion to set the same aside.

*Conely & Lucking,* for plaintiff.

*Charles R. Whitman* and *George S. Hosmer,* for defendant.

BROWN, J. The only question raised upon the trial relates to the capacity of the plaintiff, who is an alien, to maintain this action as the assignee of S. Simons & Son, one of which firm was, and still is, a citizen of this state. By the act of March 3, 1887, the circuit court has no jurisdiction "of any suit except upon foreign bills of exchange to recover the contents of any promissory note or other *chose in action* in favor of any assignee, or of any subsequent holder, of [if] such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made." The precise point in this case is whether an action for damages for the refusal of the defendant to accept and pay for goods purchased by it under an oral contract is an action to recover the contents of a *chose in action* within the meaning of this act. These words, it must be admitted, are not very happily chosen, and it would have conduced somewhat to the clearness of a very obscure and unintelligible act if the simple language of the statute of 1875, "founded upon contract," had been retained. These words, however, were taken from the original judiciary act of 1789, and in the 85 years which elapsed between the passage of that act and the act of 1875 their meaning was settled by repeated judicial interpretations. Primarily they were intended to apply to commercial instruments, such as promissory notes, acceptances, and bonds, in which the sum promised to be paid is familiarly spoken of as the "contents" of such instrument. But the words

"other chose in action" suggested a much broader meaning; and as early as 1810, in *Sere* v. *Pitot*, 6 Cranch, 332, it was held that a suit by the assignee of an insolvent debtor for the collection of accounts and unliquidated claims was within the exception of the statute. The main objection to the jurisdiction was based upon the ground that the words of the act were intended to apply only to assignments made by the party himself, and not to the general assignee of an insolvent company, and in delivering the opinion Chief Justice MARSHALL observes "that the term 'other chose in action' is broad enough to comprehend either case, and the word 'contents' is too ambiguous in its import to restrain that general term. The contents of a note are the sum it shows to be due, and the same may, without much violence to language, be said of an account." The same principle was applied in *Wilkinson* v. *Wilkinson*, 2 Curt. 582, to an action by an assignee to recover the proceeds of sales of mortgaged property, and in *Bradley* v. *Rhines' Adm'rs*, 8 Wall. 393, to an action upon a lease and for money had and received. These cases are full authority for the position that if the defendant had actually accepted and received the rags in question this suit could not have been maintained to recover the purchase price.

In *Sheldon* v. *Sill*, 8 How. 441, a bill in equity to foreclose a mortgage was held to be a suit to recover the contents of a chose in action, and not maintainable by an assignee who had taken title from a citizen of the same state as the defendant. Mr. Justice GRIER observed that the term "chose in action" was one of comprehensive import; "it includes the infinite variety of contracts, covenants, and promises which confer on one party a right to recover a personal chattel, or sum of money from another by action." That the court subsequently receded from a portion of this language is evident from the case of *Deshler* v. *Dodge*, 16 How. 622, in which an action of replevin was held not to be within the exception of the statute. The court held that the phrase "right to recover a personal chattel," used in the opinion in *Sheldon* v. *Sill*, was not intended to authorize a recovery *in specie* or damages for a tortious injury to property, but a remedy on the contract for the breach of it, whether such contract was for the payment of money or the delivery of a personal chattel. It was held that the restrictive words of the statute applied only to cases in which a suit was brought to recover the contents or to enforce the contract contained in the instrument assigned. We know of no case, however, where the court has intimated that an action upon an express contract was not within the exception of the statute.

The cases which are claimed to have a different bearing, and are chiefly relied upon by the plaintiff here, are *Barney* v. *Bank*, 5 Blatchf. 107, and *Bushnell* v. *Kennedy*, 9 Wall. 387. The first of these cases was an action against a corporation to recover damages for a breach of an implied contract in neglecting to protest and give notice in regard to certain drafts forwarded to it by a correspondent bank, and it was held that the suit was not one to recover the contents of a chose in action in favor of an assignee. The court takes an obvious and clear distinction between rights of action founded upon contracts—which contracts contain within them-

selves some promise or duty to be performed—and mere naked rights of action founded upon some wrongful act,—some neglect or breach of duty to which the law attaches damages. "A suit," said Judge SHIPMAN, "to compel the performance of that promise or duty by securing to the plaintiff that which is withheld by the defendant is a suit to recover the contents of a chose in action;" but a mere right of action to recover damages imposed by law for a delinquency is not within the prohibition of the statute, and the objection to the jurisdiction fails. It is difficult by any amplification of this language to make the distinction any clearer than it is made by the learned judge himself in delivering this opinion. In *Bushnell* v. *Kennedy,* this opinion was quoted with approval, and the chief justice reiterates the language of the previous cases, that under the comprehensive description of suits to recover the contents of chose in action was included "all debts, and all claims for damages for breach of contract, or for torts connected with contract." The case, however, went off on a different point. We perceive nothing in either of these cases militating against the position assumed by the defendant here.

That there was no intention on the part of the court to throw discredit upon *Sere* v. *Pitot,* is evident from the still more recent case of *Corbin* v. *County of Black Hawk,* 105 U. S. 659, in which a suit to compel the specific performance of a contract, or to enforce its other stipulations, was held to be a suit to recover the contents of a chose in action, and was not maintainable in the circuit court by an assignee, if it could not have been prosecuted there by the assignor, had no assignment been made. The contents of a contract as a chose in action were defined to be "the rights created by it in favor of the party in whose behalf stipulations are made in it which he has a right to enforce in a suit founded upon the contract, and a suit to enforce such stipulations is a suit to recover such contents." With regard to the case under consideration it was said that the promise to receive the money stipulated in these contracts to be paid by the purchaser was, so far as this suit was concerned, the essence of the contract; and a suit to compel the acceptance of that money was a suit to enforce such promise, and therefore a suit to recover the contents of the contracts. Most of the previous cases are quoted and affirmed, and there is nothing to indicate that the court intended to qualify in any way its previous definitions.

From this summary of decided cases it is quite evident that when the action is founded upon an express promise between the original parties it cannot be prosecuted by the assignee of the original promisee, unless the action would have lain by the assignor; but that the statute does not apply to actions of replevin to recover specific chattels, and perhaps also to actions upon implied promises which involve the breach of a legal duty, and which also might be brought in tort as well as in contract. No distinction is intimated between oral and written contracts, and none can be justly inferred from the language of the act. The words "or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation," were not intended as a new limitation, and are referable only to the written instruments previously mentioned. The clause

was introduced for the purpose of nullifying a series of decisions under the act of 1789, which held that promissory notes and other written instruments payable to a person named "or bearer" were not within the exceptions of the statute, because the promise was in law made directly to the bearer, and he did not take by assignment from the person named. We are clear in our opinion that it was not intended to qualify or limit in any way the words "other *chose in action.*" A right of action upon an oral contract is as much a *chose in action* as if the contract were in writing.

The motion to set aside the nonsuit, and for a new trial, must be denied.