GORMAN-WRIGHT CO. et al. v. WRIGHT.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1904.)

No. 546.

1. CORPORATIONS—PLEDGE OF STOCK—RIGHTS OF PLEDGEE.

A pledgee of stock has such an equitable interest therein as will entitle him to be heard in a court of equity, to the same extent, at least, as the pledgor, concerning its preservation and the protection of his interests therein.

2. COURTS—JURISDICTION OF FEDERAL COURT—DIVERSE CITIZENSHIP.

Under Act Cong. March 3, 1887, c. 373, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], withdrawing from the cognizance of the Circuit and District Courts any suit by an assignee on a promissory note or other chose in action, unless such suit might have been prosecuted in such court if no assignment had been made, a pledgee of stock cannot, on account of the diverse citizenship existing between himself and the corporation, sue the corporation in the federal court for the appointment of a receiver where his pledgor is a resident of the state of which the corporation is a citizen.

[Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

3. SAME—APPEAL—DENIAL OF JURISDICTION.

Where the record before the Circuit Court of Appeals clearly shows the want of jurisdiction of the federal courts in the premises, it is its duty to deny jurisdiction on its own motion if the question is not raised by appellant.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 816, 818.]

Appeal from the Circuit Court of the United States for the Eastern District of Virginia, in Equity.

G. A. Hanson and A. L. Holladay, for appellants.

H. A. Foushee and S. S. P. Patteson (J. S. Manning, on the brief), for appellee.

Before GOFF, Circuit Judge, and MORRIS and PURNELL, District Judges.

GOFF, Circuit Judge. This is an appeal from a decree of the Circuit Court of the United States for the Eastern District of Virginia, by which a receiver was appointed, with directions to take possession of the stocks, money, bonds, and other assets of the corporation known as the Gorman-Wright Company. The appellee, R. H. Wright, complainant below, was, when he filed his bill, neither a creditor of said company, nor a stockholder in the same, but was, as he alleged in his bill, a pledgee of 100 shares of the capital stock of that company, of the par value of $100 each; the same, having been transferred to him

by J. N. Gorman, one of the defendants below, as collateral security only for the payment of a certain sum of money due the appellee by said Gorman for said stock, which he had purchased from Wright. The appellee is a citizen and resident of the state of New York. The Gorman-Wright Company, one of the appellants, is a corporation organized under the laws of the state of Virginia; having its principal office at Richmond, in the Eastern District of that state. J. N. Gorman, the other appellant, is a citizen and resident of the Eastern District of Virginia. The bill charges that the Gorman-Wright Company is greatly indebted, that it has been improperly and carelessly managed, that its board of directors has failed to properly discharge the duties required of it, that the company is in fact insolvent, and that, unless a court of equity intervenes by taking charge of the assets of the company, the creditors and stockholders of the same would suffer great loss, to the damage of the complainant, who would thereby, as pledgee of said 100 shares of stock, lose the security he had contracted for. The prayer of the bill was for the appointment of a receiver for the care and protection of the assets of the company, for the sale of the same, and the proper distribution of the proceeds among those entitled thereto. An injunction was also asked for, inhibiting the officers and agents of said company from in any manner interfering with the receiver in the discharge of his duties as such official. The appellee, as stated, did not claim to be a creditor of the Gorman-Wright Company, but alleged that he was a creditor of J. N. Gorman; nor did he claim to be a stockholder of that company, except as the assignment of said stock to him by Gorman as collateral security, before mentioned, would make him a stockholder. The court below, on consideration of the bill, exhibits, and affidavits, granted the prayer of the bill, by appointing the receiver and issuing the injunction asked for. From this decree the appeal we now consider was allowed.

The appellants insist that the court below did not have jurisdiction of the case made by the bill. The appellee maintains that, as pledgee of the stock transferred to him as collateral security, he was entitled to the aid of a court of equity in protecting his interest therein, and that the court below had jurisdiction because of the citizenship of the parties.

We think it beyond question that the pledgee of stock has such an equitable interest in it as will entitle him to be heard in a court of equity concerning its preservation, and the protection of his interests therein, to the same extent, at least, as the stockholder pledging it would have. 2 Thomp. Corp. § 2657; 22 A. & E. Ency. of Law (2d Ed.) 907; 2 Kent's Com. (14th Ed.) 349. But while it is true that the pledgee of stock may sue in equity concerning it, with the same rights and privileges that the pledgor had, does it follow that the court below had jurisdiction of this case? It appears from the bill that the pledgor, J. N. Gorman, is a citizen of the state of Virginia, and that the Gorman-Wright Company is likewise a citizen of that state. There can be no doubt but that Wright, as the pledgee of Gorman, can maintain a suit against him as pledgor, in conjunction with the Gorman-Wright Company, in the proper court of the state of Virginia; but it does not follow that Wright can also sue his pledgor and that company in the

Circuit Court of the United States for that state. Can Gorman, a citizen of Virginia, and a resident of the Eastern District thereof, sue the Gorman-Wright Company, also a citizen of Virginia, doing business in the Eastern District thereof, in the Circuit Court of the United States for that district? Certainly not. Then can Wright, as pledgee of Gorman, sue in a jurisdiction where Gorman himself could not have maintained a suit? Clearly not, for the statute, in express terms, prohibits it.

By the first section of the act of March 3, 1887, c. 373, 24 Stat. 552, relating to the jurisdiction of Circuit Courts of the United States, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], no Circuit or District Court has cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of any assignee, unless such suit might have been prosecuted in such court to recover said contents if no assignment or transfer had been made. This provision of the statute has been construed in a number of cases, and its meaning declared to be that no assignee, or person occupying the position of assignee, can bring a suit in a Circuit Court of the United States, unless such suit might have been prosecuted by the assignor if no assignment had been made; and the Supreme Court of the United States has held that:

"The term 'assignee,' in the statute, covers not merely persons to whom is technically transferred the contract in controversy, but any one who, by virtue of a transfer to him, can claim its beneficial interests." Plant Investment Co. v. Jacksonville, Tampa & Key West Railway Company, 152 U. S. 71, 14 Sup. St. 483, 38 L. Ed. 358.

We therefore find ourselves compelled to regard Wright as the assignee of Gorman, and to hold, quoad the question of jurisdiction, the stock so in his hands was a chose in action, within the meaning of said jurisdictional statute; and hence it follows that, as Gorman could not have sued in the court below concerning the same, Wright, his assignee, was also without that privilege. Newgass v. New Orleans (C. C.) 33 Fed. 196; Rollins v. Chaffee Co. (C. C.) 34 Fed. 91; Wilson v. Knox County (C. C.) 43 Fed. 481; Church et al. v. Citizens' St. R. Co. et al. (C. C.) 78 Fed. 526; Barksdale et al. v. Finney et al., 14 Grat. 338; Sere & Leralde v. Pitot et al., 6 Cranch, 332, 3 L. Ed. 240; Sheldon and Wife v. Sill, 8 How. 441, 12 L. Ed. 1147; Corbin v. County of Black Hawk, 105 U. S. 659, 26 L. Ed. 1136; King Bridge Co. v. Otoe County, 120 U. S. 225, 7 Sup. Ct. 552, 30 L. Ed. 623; Shoecraft v. Bloxham, 124 U. S. 730, 8 Sup. Ct. 686, 31 L. Ed. 574; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543; Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912, 35 L. Ed. 654; New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764; Mexican National Railroad Company v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672.

The appellee, who claimed the right to sue by virtue of an assignment made to him, should have shown affirmatively in his bill that both he and his assignor were citizens of a state or states other than the state of which the Gorman-Wright Company was a citizen, as the jurisdiction he sought was based on the citizenship of the parties. In

fact, his bill shows to the contrary, for he alleges that his assignor and the Gorman-Wright Company are citizens of the same state.

If the question of jurisdiction had not been raised by the appellant, it would have been the duty of this court to have denied its own jurisdiction on its own motion, because the record before us clearly shows it. Reaching this conclusion, it is not necessary that we should consider the other assignments of error. There is error in the decree complained of, and it will be reversed, and this case will be remanded, with directions to the court below to dismiss the bill.

Reversed.