DULLES v. H. D. CRIPPEN MFG. CO. et al.

(Circuit Court, D. New Jersey. November 15, 1907.)

1. APPEARANCE—WAIVER OF OBJECTIONS—JURISDICTION OF FEDERAL COURT—DISTRICT OF SUIT.

Where the requisite diversity of citizenship exists between both the assignor and assignee of a chose in action, and the defendant sued thereon by the assignee, to give a federal court general jurisdiction of the suit, the objection that such court in the district where the suit is brought, and in which the plaintiff resides, is without jurisdiction, because the assignor could not have sued in that district, is waived by the defendant by entering a general appearance and filing a demurrer which goes in part to the merits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, §§ 70–75.]

2. ASSIGNMENTS—RIGHTS ASSIGNABLE—PARTIAL ASSIGNMENT OF CHOSE IN ACTION.

The owner of a chose in action may assign a part thereof, and the assignee may enforce his rights under such assignment by a suit in equity in which both the debtor and the assignor are made defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, §§ 55–60.]

In Equity. On demurrer to bill.

Martin Conboy, for complainant.

Marshall Van Winkle, for the defendant William Grace Company.

LANNING, District Judge. By his bill of complaint it appears that the complainant is a citizen of New Jersey; that the defendant H. D. Crippen Manufacturing Company (hereinafter called the Crippen Company) is a corporation and citizen of the state of New York; that the defendant William Grace Company (hereinafter called the Grace Company) is a corporation and citizen of the state of Illinois; that on March 9, 1906, the Crippen Company entered into a contract with the Grace Company, by which the former company agreed to deliver to the latter thirty-two electric drills at a price of $730 each; that nine of these drills were delivered on May 28, 1906; that the purchase price thereof, $6,570, became due in 30 days thereafter; that on June 7, 1906, the Crippen Company assigned to the complainant all its right, title, and interest in the account for the nine drills by a written assignment to which the invoice for the nine drills was attached; and that on or about October 6, 1906, there being then due to the Crippen Company from the Grace Company a balance of over $11,000, the Crippen Company caused to be served upon the Grace Company a notification of the assignment above mentioned. There is a further averment that the Crippen Company, the assignor, would have been competent, as a citizen of the state of New York, to maintain a suit in this court against the Grace Company for the enforcement of the above-mentioned indebtedness if no assignment or transfer thereof had been made. The prayer is that the Grace Company be decreed to pay to the complainant the above-mentioned sum of $6,570, with interest. Though duly served with a subpœna ad respondendum, the Crippen Company has not appeared. On February 4, 1907, the Grace Company entered a general appearance. On March 12, 1907, it filed a demurrer, by which objection is made that the court has no jurisdiction of the case, and also that the bill of complaint is defective for want of equity.

In the first place, it is argued on behalf of the Grace Company that the Crippen Company, a citizen of New York, cannot sue the Grace Company, a citizen of Illinois, in this court, and therefore that the complainant, an assignee of the Crippen Company, cannot do so. This argument is based on the provisions of section 1 of the judiciary act of March 3, 1875 (chapter 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]), which declares that:

"No civil suit shall be brought before either of said (Circuit or District) courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

It is clear that, if the citizenship of the Crippen Company and the Grace Company had been in the same state, an assignment by the former company to the complainant could not have enabled this court

to assume jurisdiction, since the assignor, even with the defendant's assent, could not have prosecuted the defendant in this court. Such was the condition in Simons v. Ypsilanti Paper Co. (C. C.) 33 Fed. 193. So, too, where the record of a case fails to disclose affirmatively that the citizenship of the original parties to the contract is such that the action arising therefrom may be prosecuted in a federal court, an assignment of an interest in the contract will not enable the assignee to prosecute his suit in a federal court, even though it appear affirmatively that, as between the assignee and the defendant, there is diverse citizenship. Parker v. Ormsby, 141 U. S. 82, 11 Sup. Ct. 912, 35 L. Ed. 654; Gorman-Wright Co. v. Wright, 134 Fed. 363, 67 C. C. A. 345; Utah-Nevada Co. v. DeLamar, 133 Fed. 113, 66 C. C. A. 179. And in the case of Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, where the action was brought in the United States Circuit Court for the Western District of Texas, the plaintiff being a citizen of the Eastern District of Texas, and the defendant a citizen of the state of Kentucky, the Supreme Court held that the Circuit Court was without jurisdiction; but the decision was put upon the ground that the defendant obtained leave of the Circuit Court to file an answer or demurrer "for the special purpose, and no other, until the question herein raised is decided, of objecting to the jurisdiction of this court, because it appears that this suit ought, if maintained at all in the state of Texas, to be brought in the district of the residence of the plaintiff, that is to say, in the Eastern district of Texas."

But if there had been no assignment by the Crippen Company to the complainant, the Crippen Company might have maintained an action in this court against the Grace Company provided the Grace Company had not objected to our jurisdiction. The provision of the judiciary act that, where jurisdiction is founded only on the fact that the action is between citizens of different states, the suit shall be brought only in the district in which the plaintiff or the defendant resides, is one that the defendant may waive. Where plaintiff and defendant are citizens of different states, and jurisdiction is founded on such diversity of citizenship, the defendant may be sued in any Circuit or District Court of the United States, provided he does not at the proper time and in a proper manner insist upon his privilege of being sued in the district of which he or the plaintiff is a citizen. By entering a general appearance in any such suit, instead of a special appearance to object to jurisdiction, the defendant waives any objection that the suit has been brought in the wrong district.

In St. Louis, etc., Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659, the defendant filed a demurrer to the complaint on three grounds; two denying the jurisdiction of the court for the reason that the suit was not brought in the district of which the defendant was an inhabitant, and the third denying that the complaint stated facts sufficient to constitute a cause of action. The court declared that, as by the demurrer the defendant had raised not alone the question of jurisdiction, but a question concerning the merits of the case, a general appearance had been made, and that all

special privileges as to the particular court in which the suit might be brought had been waived. See, also, Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401; A. L. Wolff & Co. v. Choctaw, O. & G. R. Co. (C. C.) 133 Fed. 601.

In the present case, the defendant the Grace Company entered a general appearance, and also filed a demurrer, which, amongst other things, denied the equity of the bill of complaint. Such a demurrer must be distinguished from the one that was filed in Southern Pacific Co. v. Denton, supra, and must be held, like the one filed in St. Louis, etc., Railway Co. v. McBride, to have waived the objection that the suit has been brought in the wrong district.

It may be added that, if special appearance had been entered for the purpose of objecting to the jurisdiction of this court, it is not clear that the objection would have been deemed valid. In Bolles v. Lehigh Valley Railroad Co. (C. C.) 127 Fed. 884, the action was brought in the United States Circuit Court for the Southern District of New York, the plaintiff was a citizen of that district and assignee of a citizen of West Virginia, and the defendant was a citizen of Pennsylvania. Judge Coxe, on a motion to set aside the summons and dismiss the complaint for want of jurisdiction, refused to do so, holding that the plaintiff was entitled to maintain his action in the district of which he was a citizen. Here, the suit is brought in the United States Circuit Court for the District of New Jersey, the complainant is a citizen of that district and assignee of a citizen of New York, and the defendant is a citizen of Illinois. The jurisdictional facts of the two cases are similar. If Judge Coxe was right in retaining jurisdiction of the case before him, this court should retain jurisdiction of the present case, even though special appearance to object to jurisdiction had been made. The decision of the question concerning jurisdiction in the present case, however, is not based on the authority of Bolles v. Lehigh Valley Railroad Company, for the reason that here the demurrant has entered a general, and not a special appearance, and has thereby waived the right to object to the jurisdiction of this court.

The demurrant's second objection, the one relating to the merits of the case, is that the bill of complaint is void for want of equity. The bill shows that the complainant is an assignee of a part only of a sum of money due from the Grace Company to the Crippen Company, and the Grace Company insists that the assignee of a part of a chose in action cannot maintain a suit in equity to recover the amount due on such an assignment. This point has often been decided adversely to the demurrant's contention. In Fourth Street Bank v. Yardley, 165 U. S. 634, 644, 17 Sup. Ct. 439, 41 L. Ed. 855, it was declared that the owner of a chose in action, or of property in the custody of another, may assign a part of such rights, and that such an assignment will be enforced in equity. The same doctrine was declared in Trist v. Child, 21 Wall. 441, 447, 22 L. Ed. 623, in Lanigan v. Bradley & Currier Co., 50 N. J. Eq. 201, 24 Atl. 505, and in Chambers v. Lancaster, 160 N. Y. 342, 348, 54 N. E. 707.

The complainant has made both his assignor and his assignor's al-

leged debtor, the Grace Company, parties defendant. If there are any equities which should be enforced in behalf of the Grace Company as against the Crippen Company, which may also affect the complainant's right of recovery, there will be no difficulty in setting up such equities as a defense in this case.

The demurrer will be overruled, with costs.