(128 App. Div. 157.)

LOVETT v. HARDEN BROS. TRUCKING CO. et al.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. PLEADING—COMPLAINT—SUFFICIENCY.

    The sufficiency of a complaint in a suit to determine the rights of several claimants to a fund, and for, an accounting as incidental to the main relief, cannot be tested as a complaint for an accounting.

2. EQUITY—JURISDICTION—CONFLICTING RIGHTS—DETERMINATION.

    An assignee of the moneys due on a subcontractor's contract may, on the completion of the contracts, maintain a suit against the owner, contractor, and mechanic's lien claimants to determine the rights of the parties in the fund due from the owner to the contractor and from the contractor to the subcontractors, and he need not await the bringing of a suit to enforce the liens.

3. SAME.

    Where a contractor submits to a suit in equity by an assignee of the money due under a subcontractor's contract, mechanic's lien claimants, though necessary parties, cannot object to the suit being brought in equity, for their liens can only be adjudicated in equity.

Appeal from Special Term, Kings County.

Action by George E. Lovett against the Harden Bros. Trucking Company and others From an interlocutory judgment overruling a demurrer to the complaint, the above-named defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

G. H. D. Foster, for appellant.
William H. Good, for respondents.

GAYNOR, J. The sufficiency of the complaint cannot be tested as one for an accounting. This is not a suit for an accounting, but to determine the rights of several claimants to a fund; the accounting prayed for being only incidental to the giving of the main relief sought. Cooper & Evans contracted with the city to furnish certain material and do certain work. They subcontracted for a part thereof with Dunseath Bros.; and the latter, for advances made by the plaintiff to them, assigned to him all moneys due or to grow due on their contract as collateral security. The said contracts have both been completed, and there is money due from the city to the said contractors and from them to their said subcontractors. Several mechanics' liens have been filed against the fund by corporations and persons who did work for or furnished materials to the said subcontractors. This suit is brought to have such liens declared subsequent and subordinate to the plaintiff's rights under the said assignment of the fund to him, and to have it paid to him to the extent of his advances. The city, the contractors, the said subcontractors and the said lienors, are made defendants. One of these lienors, a corporation, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and appeals from the interlocutory judgment overruling the demurrer.

Was the plaintiff obliged to await the possible bringing of a suit to foreclose the liens during the period limited by statute therefor, or was

he entitled to bring this suit at once to have the rights of all claimants to the fund determined? If the plaintiff should bring a common law action against the said contractors for the amount due him, they would have the right to interplead the lienors, and thus turn the action into one in equity, and the city if sued could do the same thing; and from this it follows that the plaintiff may bring such a suit at the outset. Deering v. Schreyer, 171 N. Y. 451, 64 N. E. 179. And if the amount due the plaintiff should be less than the amount due from the contractors to his assignors—in other words if they have assigned only part of their claim to him—his way of collecting it is not by a common-law suit (the rule against splitting claims or causes of action being in the way), but by a suit in equity, making both his assignors and their said debtors defendants; and there would be no reason for not making the lienors or any other persons interested defendants also. Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707.

Moreover, this lienor cannot plead for the contractors, but only for itself. If the contractors are content to litigate in equity under this complaint, the lienors are necessary parties, and cannot object to a court of equity, for their liens can be adjudicated upon nowhere else. If the contractors had the right to insist on being sued at common law, they could nevertheless submit to equity, and it is not for the lienors, who must get into a court of equity anyhow, to object.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.