### NEUSTAEDTER v. LEWIS.

(Supreme Court, Appellate Term.   November 11, 1910.)

1. ACTION (§ 53*)—SPLITTING OF CAUSES OF ACTION.

> Where one indebted for work done by a contractor on his building so dealt with the transaction as to create separate causes of action, separately assignable, an assignee of the contractor's entire claim may sue separately at law on each cause of action.

> [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

2. JUDGMENT (§ 714*)—RES JUDICATA.

> Where the services for which a prior recovery was had were severable from the services sued for in a subsequent action, and constituted a separate cause of action, the judgment in the former action was without probative force in the subsequent action.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1242–1243; Dec. Dig. § 714.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Marcus Neustaedter against Rebecca Lewis.   From a judgment for plaintiff, entered on a verdict of the jury, defendant appeals.   Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Hugo S. Mack (William Kaufman, of counsel), for appellant.
Isidore Neustaedter (Meyer D. Siegel, of counsel), for respondent.

BIJUR, J.   This action was brought to recover on a quantum meruit for work done on defendant's building by plaintiff's assignor, a contractor.   A previous action between the same parties for part of the same work resulted in a verdict and judgment for $255 in favor of plaintiff.   The present suit is for the value of the balance of the work done.

Plaintiff offered no proof as to the value of the services for which this judgment has been recovered, except to introduce in evidence the judgment record in the previous suit.   The defendant claims:   (1) That the recovery in the previous action was a bar to the present suit. (2) That, in any event, plaintiff could not maintain this action for *a part* of his assignor's claim, without making his assignor a party de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant, and that that could only be done in an action in equity, over which the Municipal Court would have no jurisdiction. Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707. (3) That there was no proof of the value of the services for which this recovery was had, since, if the former case is res adjudicata, it can only be so as to the amount there recovered, namely, $255, since the jury could not have found in that suit that the balance now sued for was earned.

Plaintiff respondent satisfactorily answered appellant's first two contentions by pointing out that the defendant herself made the cause of action involved in the previous suit separate from the one involved in this one by the manner in which she dealt with the transaction that resulted in the liability, so that, under the circumstances, there arose two separate causes of action which could be separately assigned. Such a contingency was recognized in the Chambers Case, supra, where the court remarked, at page 348 of 160 N. Y., page 708 of 54 N. E., that there was no need of determining on the testimony of the witnesses whether "the defendant company consented to the splitting up of the causes of action." But by this very claim of the plaintiff respondent, apart from other well-known rules that are applicable, the plaintiff necessarily concedes that the finding of the jury and the judgment thereon in the previous suit could not have had any bearing upon the value of the services on which recovery is now sought; for if, as plaintiff alleges, the services for which the previous recovery was had were severable, and constituted a separate cause of action, the sole issue in the previous action must have been as to the value of those services alone, and the verdict and judgment has no probative force in the present suit. As this point was clearly raised by defendant in his various motions to dismiss, and due exception taken to their refusal, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.