## BANK OF YOLO v. WEAVER et al.

### No. 14,827; October 1, 1892.

31 Pac. 160.

     **Corporation—Borrowing Money.**—A Resolution of the Board of directors authorizing the secretary to borrow money for the corporation is sufficient, though not entered on the minute-book, and, therefore, in an action against stockholders to recover the money so borrowed, the admission in evidence of a resolution adopted by the board and entered on its minutes is immaterial.[1]

     **Corporate Stock—Evidence of Ownership.**—Evidence that a person subscribed for stock is not sufficient proof that he actually owns the shares, when it does not appear that he bought them on credit, but rather that he was to pay for them at once, and it also appears that he did not pay or offer to pay for them, and that no certificate of them was ever issued to him.

---

[1] Cited and followed in Boggs v. Lakeport Agricultural Park Assn., 111 Cal. 357, 43 Pac. 1107, a suit on a corporation mortgage, when the resolution looking to its execution, not being of record, was proved by extrinsic evidence.

Cited with approval in Ismon v. Loder, 135 Mich. 348, 97 N. W. 771, which also involved a corporation mortgage. It was urged that there was no record available to the effect that two-thirds of the stockholders had voted for the giving of the mortgage.

APPEAL from Superior Court, Yolo County; C. H. Garoutte, Judge.

Action by the Bank of Yolo against N. M. Weaver and others to recover from defendants their proportionate share of money borrowed from plaintiff by the Woodland Woolen Manufacturing Company, in which company defendants were stockholders. From a judgment for plaintiff, and an order refusing a new trial, defendants appeal. Affirmed.

F. E. Baker and Craig & Hawkins for appellants; E. R. Bush for respondent.

FOOTE, C.—This action was brought to recover of certain stockholders of a corporation designated as the Woodland Woolen Manufacturing Company their proportionate shares of certain moneys alleged to have been borrowed from the plaintiff, the Bank of Yolo, by the first-mentioned corporation. Judgment was given in favor of the plaintiff, from which, and from an order refusing a new trial, this appeal is taken. The facts surrounding the transaction seem in brief to be that the Woodland Woolen Manufacturing Company was in need of money to get into operation, and by written resolution of its board of directors, spread upon its minute-book, ordered that its president and secretary give a note to the Bank of Yolo for $15,000, as "security for overdrafts." At the time this action was instituted the manufacturing corporation owed the Bank of Yolo about $19,214.97, for moneys drawn from bank, a portion of the same in pursuance of the written resolution authorizing the note, and the balance of borrowed money by the vote or resolve of the board of directors, which vote or resolve was not spread in writing upon the minutes in the corporation's book. But the evidence is sufficient, as we think, to show that all of this money was borrowed from the bank by the authority of the board of directors of the manufacturing corporation, and was used by it for its exclusive benefit. Therefore, the objection made by the defendants to the introduction in evidence of a resolution of the board of directors, and entered in the minutes after suit brought, ratifying the acts of the treasurer in borrowing and using for the purposes of the corporation all of the money

sued for in this action in excess of what the written resolution called for authorizing the note, is untenable. The right of recovery here did not depend upon this alleged ratification; it depended primarily upon the authorization of the board in writing as to $15,000, and, as to the balance, upon the vote or resolve of the directors not reduced to writing, and upon the fact that this money was borrowed and applied to the uses of the corporation. Such a corporation cannot receive the benefits and uses of an executed contract, and then deny its obligation: Main v. Casserly, 67 Cal. 129, 7 Pac. 426; Bradley v. Ballard, 55 Ill. 413; Pixley v. Railroad Co., 33 Cal. 198, 91 Am. Dec. 623; Foulke v. Railroad Co., 51 Cal. 365. Therefore, whether the resolution of ratification made after suit brought was improperly admitted or not, which we do not decide, is immaterial, as the cause was tried by the court, and the evidence was ample without it to fix the liability of the defendants, and it does not appear that the court rested its decision upon that resolution: Mitchell v. Beckman, 64 Cal. 123, 28 Pac. 110.

But the appellants further object that the complaint did not state facts sufficient to show a cause of action, in that it does not sufficiently show how many shares were subscribed for, so as that, from such statement and the statement of what number of shares each defendant owned, it can be determined what was their proportionate share of the indebtedness or liability. The allegation objected to runs thus: "That 305 shares of the capital stock of said Woodland Woolen Manufacturing Company, and no more, were taken, subscribed, and fully paid for." This, we think, was sufficient under the demurrer as filed: Bidwell v. Babcock, 87 Cal. 29, 25 Pac. 752. We perceive nothing of merit in the point raised as to the supplemental complaint; if not good as such a complaint, it stated a good cause of action as an amended complaint.

It is further alleged that Mr. Walker, one of the defendants, owned twenty shares more of stock than it is found by the court that he owned, and that he should have been held for a proportionate share of the indebtedness on those shares of stock. It is true that the evidence is that he subscribed for those shares, but it does not appear that he bought them on a credit, but rather that he was to pay for them at once,

and it also appears that he did not pay or offer to pay for them, and that no certificate of them was ever issued to him, and that they were never really sold to him. While the evidence is not so convincing as to render it absolutely certain that such was the state of facts, yet it tends, as we think, to show that he did not own them, and hence we do not feel disposed to recommend the disturbance of the finding as to that matter. Upon the whole record we perceive no prejudicial error, and we therefore advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.