[S. F. No. 286. Department One.—February 25, 1896.]

H. C. BOGGS ET AL., RESPONDENTS, v. LAKEPORT AGRICULTURAL PARK ASSOCIATION ET AL., APPELLANTS.

CORPORATIONS—AUTHORITY TO EXECUTE MORTGAGE—UNRECORDED RESOLUTIONS OF DIRECTORS—LOSS OF ROUGH MINUTES—PAROL EVIDENCE. In an action to foreclose a mortgage not under seal, executed in the name of the corporation defendant, unrecorded resolutions of the board of directors of the corporation, the rough minutes of which had been lost, by which the mortgage was in fact authorized, may be proved by parol evidence without reference to what may have been the contents of the lost memorandum.

ID.—RECORDS OF CORPORATION—SECONDARY EVIDENCE.—It is the duly authenticated record in the books of the corporation, which is the best evidence, and the rough notes of the meetings are as much secondary evidence as the testimony of witnesses, and, in the absence of an authenticated record, any competent secondary evidence may be admitted to show what the act of the board was.

ID.—RATIFICATION—PLEADING—EVIDENCE.—A ratification by the board of directors of the action of the president and secretary of the corporation in executing a mortgage of property purchased by the corporation, is equivalent to a previous authority; and such ratification is involved in the issue as to whether the mortgage was executed by the corporation, and may be proved thereunder without being specially pleaded.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial. R. McGARVEY, Judge.

The facts are stated in the opinion of the court.

*R. J. Hudson*, and *M. S. Sayre*, for Appellant.

The defendant, being a corporation, could only act in this matter through its board of directors when duly assembled, by resolution duly passed and recorded. (Civ. Code, secs. 305, 308, 377; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Harding* v. *Vandewater*, 40 Cal. 78; *Southern California etc. Assn.* v. *Bustamente*, 52 Cal. 192; *Alta etc. Min. Co.* v. *Alta etc. Min. Co.*, 78 Cal. 629; *Salfield* v. *Sutter etc. Co.*, 94 Cal. 549; *Kahn* v. *Board of Supervisors*, 79 Cal. 399.)

*F. E. Johnston,* and *T. J. Sheridan,* for Respondents.

Parol testimony is admissible to show that the board of directors authorized the execution of the note and mortgage in suit, the minutes being silent upon the subject. (*Bay View etc. Assn.* v. *Williams,* 50 Cal. 353; *Gilson Quartz Min. Co.* v. *Gilson,* 51 Cal. 341; *Southern California etc. Assn.* v. *Bustamente,* 52 Cal. 192.) Resolutions of a meeting of directors of a private corporation may be shown by the record of the proceedings, if one is kept; otherwise, parol evidence is admissible to show what was resolved, and by what vote. (1 Waterman on Corporations, 290; 1 Beach on Private Corporations, sec. 295; 4 Thompson on Corporations, sec. 5016; *Bank of Yolo* v. *Weaver,* 31 Pac. Rep. 160.)

Van Fleet, J.—Appeal by the defendant, Lakeport Agricultural Park Association, from a judgment against it and an order denying its motion for a new trial in an action to foreclose a mortgage on real property.

The appeal from the judgment is taken more than one year from its entry, and is therefore ineffectual, and must be dismissed.

Upon the appeal from the order but one point is made—that the note and mortgage in suit were not made or authorized by the appellant corporation. The question really presented, however, is as to the propriety of the ruling of the court below upon the admissibility of the evidence offered to prove the authority of the officers of the corporation to execute the instruments in question, since, if properly admitted, it was amply sufficient to sustain the finding that the appellant both authorized and ratified their execution.

Appellant was indebted to the party from whom it had purchased certain real estate for a portion of the purchase price thereof, which it was called upon to pay immediately to avoid suit to foreclose a mortgage given to secure the same. A meeting of the directors of the corporation was held to devise means to meet said obligation, and a resolution was thereat adopted providing

"that the president make all necessary arrangements for paying off the debt, by giving a mortgage, or any other means." In pursuance of this authority the president negotiated a loan of the necessary amount to satisfy the debt referred to, and as security for such loan the president and secretary executed the note and mortgage in suit to the plaintiffs. The mortgage was not under seal, the corporation having adopted none. At a subsequent meeting of the directors of the corporation the action of its officers in giving the note and mortgage was reported to the board, and thereupon a resolution was adopted fully ratifying their action in the premises. It does not clearly appear whether either of these meetings of the board of directors was regularly called, but it was shown that at both meetings all the members of the board were present. There was evidence tending to show that at each meeting a rough minute of the proceedings of the board was kept on slips of paper, but in neither instance, from some neglect or oversight, was any record of the action of the board made or entered in the regular minute or record book of the corporation, and the rough minutes could not be found, and were not produced at the trial. Upon this showing the court below permitted plaintiffs to show the proceedings of the board of directors by parol, and in this we think it committed no error. One of the objections was that, although no regular record was kept, the rough minutes of the meeting were not sufficiently accounted for to admit of the introduction of parol proof; and that if admitted it should have been confined to a showing of what was contained in those rough notes or minutes. We think the showing was quite sufficient to admit of parol proof, and that plaintiffs were properly permitted to show what in fact took place at the meetings, without reference to what may have been the contents of the lost memorandums. It is the duly authenticated record in the books of the corporation which is the best evidence, and, in the absence of such, any competent secondary evidence may be admitted to show

what the act of the board was.   The rough notes of the meetings were as much secondary evidence as the testimony of the witnesses, and if produced would only have been admissible like any other secondary fact as tending to show what took place.   "While the records of the corporation are usually regarded as the best evidence of the action of the board, yet upon an issue whether a resolution was passed authorizing a given contract or conveyance, the fact may be proved by parol. Again, it will happen in some cases that the resolution may be passed but not noted of record, in which case the fact may be proved by witnesses who can testify to it, as in other cases."   (4 Thompson on Corporations, sec. 1016.   And see *Bank of Yolo* v. *Weaver*, 31 Pac. Rep. 160; Waterman on Corporations, sec. 295.)

The objection that the resolution purporting to authorize the execution of the note and mortgage is not sufficient in form to justify the acts of the officers of the corporation under it is untenable; but if otherwise, the subsequent ratification of the action of the president and secretary was equivalent to precedent authority.   It was not necessary to specially plead such ratification; it was involved in the issue whether the instruments were executed by the corporation.

The other grounds of objection do not require special notice.

The appeal from the judgment is dismissed, and the order is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.