[Civ. No. 3432. First Appellate District, Division One.—July 19, 1920.]

THOMAS D. CAMPBELL & COMPANY (a Corporation), Respondent, v. V. E. HOLEHAN, Defendant and Appellant; CHARLES A. TURNER COMPANY (a Corporation), Defendant and Respondent.

[1] BROKER'S COMMISSIONS—CONSTRUCTION OF CONTRACT—INTENTION OF PARTIES—ABSENCE OF PAROL EVIDENCE.—On an appeal from an adverse judgment in an action to recover a commission agreed to be paid in connection with the consummation of an exchange of real properties, the defendant cannot successfully contend that the parties themselves placed a construction on the contract differing from that adopted by the trial court and that a clause which had been stricken from the contract should be read into it, where on the trial of the case he introduced no testimony, either as to any oral negotiations prior to the contract or that the parties intended the contract to express anything else than was actually contained in the completed contract.

[2] ID.—PARTIAL ASSIGNMENT—EQUITY—PLEADING.—While an assignment of part only of an entire demand is void, at law, unless done with the consent of the debtor, it is valid in equity; and the complaint in an action to recover part only of an entire demand, which fails to contain an allegation of such consent, is not demurrable for lack of facts.

[3] ID.—ASSIGNOR AS PARTY DEFENDANT—FILING OF CROSS-COMPLAINT —PLEADING — SUFFICIENCY OF PARTIES. — Where the assignor of part only of an entire demand declines to join with the assignee in an action thereon, but it is made a party defendant and responds by filing a cross-complaint, concurring in the allegations of the assignee's complaint and joining in the prayer for relief, neither the complaint nor the cross-complaint is demurrable for want of parties.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams and P. B. D'Orr for Appellant.

Andrews, Toland & Andrews for Plaintiff and Respondent.

WASTE, P. J.—Plaintiff brought this action to recover five thousand dollars, alleged to be due (less a small credit) as commissions, from defendant Holehan to Charles A. Turner Company, respondent, a five-twelfths interest in which had been assigned to the plaintiff. Because of the declination of Charles A. Turner Company to join as plaintiff, it was made a defendant. It subsequently filed a cross-complaint, concurring in the allegations of plaintiff's complaint and joining in the prayer for relief against the defendant. Defendant denied the obligation and debt. Judgment was entered in favor of plaintiff and the cross-complainant for their respective shares of four thousand five hundred dollars, from which defendant appeals.

The Charles A. Turner Company attached to its cross-complaint the agreement out of which the alleged right to the commission arose. This contract, entered into between appellant Holehan and the respondent Charles A. Turner Company, recites that, in consideration of the consummation of an exchange of real estate, between Holehan and A. W. Longley, and confirming a verbal agreement theretofore made between the parties, it is agreed that the Charles A. Turner Company shall receive as commission for its services in connection with said exchange of properties between Holehan and A. W. Longley, the sum of five thousand dollars ($5,000), payable as thereinafter specified. The contract then provides that as Holehan is the owner of an option to purchase from Longley certain real estate (fully describing it, and setting forth the option, which by its terms expired on the fourteenth day of April, 1917), it is agreed that the Turner Company shall be, and is appointed and constituted, exclusive sales agent of Holehan to sell, during the existence of the option, any and all of the real property covered thereby, and that Holehan will pay to the Turner Company

a net commission of five per cent on the selling price of all of the real estate so sold. Then follows a paragraph which appears to have been stricken out, and the contract concludes with the following provisions:

"It is further agreed that nothing herein contained shall be construed to cancel or invalidate the obligation of party of the first part hereto to pay to party of the second part the commission hereinbefore specified on the exchange of properties between party of the first part and A. W. Longley, and that the appointment of party of the second part as exclusive selling agent for the property herein described is provided as an alternative method of paying said commission to party of the second part;

"That should said option be found to be invalid, or be terminated for any cause, party of the first part immediately thereafter will pay to party of the second part in full of said commission on the said Longley-Holehan exchange the sum of five thousand dollars ($5,000.00) gold coin of the United States, after deducting from that amount such moneys as theretofore shall have been received by party of the second part on account of said commissions on the sale of said hereinbefore described real property as hereinbefore set forth."

The defendant did not deny the execution, or the existence of the contract, and in his answer merely denied that any commission was to be payable "except in accordance with" its terms. At the trial the fact that the exchange of properties between appellant and Longley had been consummated was admitted. It was alleged by the cross-complainant, Turner Company, that the option with Longley set out in the contract was never exercised by Holehan, and that it expired and terminated on the fourteenth day of April, 1917. This allegation was not denied. Upon this state of the record, and evidence as to nonpayment of the amount of the commission, except five hundred dollars, the lower court awarded judgment against the defendant.

[1] In seeking a reversal of the judgment, appellant contends that the appointment by Holehan of the Charles A. Turner Company, as exclusive sales agent to sell the real property covered by the Longley option, and the agreement to pay a commission therefor, was in lieu of the payment of the commission of five thousand dollars, agreed upon in con-

nection with the consummation of the exchange of properties between Longley and himself, and that as it is not shown that the commission was thus earned, the judgment should be set aside. In advancing his position he argues that the court should read into the contract the clause which appears to have been stricken out, and this without proof as to where, when, or under what circumstances the apparent correction was made. Both in the court below and here the appellant has disclaimed any intent to seek to reform the agreement, being content "to urge a construction of the contract as it stood, which would express the true meaning of its terms." We are not at liberty to disregard what, so far as the record discloses, was the solemn act of the parties at the time of the execution of the agreement. Furthermore, if the rejected clause were restored, the agreement is open to attack upon the ground that its provisions are repugnant and apparently nullify one another. Appellant's object in thus seeking a restoration of the clause is disclosed when he advances the argument that the contract, as signed by the parties, should give way before, and that it should be construed as though containing, the discarded stipulation,—an interpretation different from that followed by the lower court. He relies upon *Lassing* v. *James,* 107 Cal. 348, [40 Pac. 534]. In that case, however, parol evidence was admitted to clear ambiguity and uncertainty in the contract, and to enable the court to ascertain whether the provisions embodied in the sections of the Civil Code relating to interpretation of contracts were pertinent and applicable to the facts of the case. The weakness of appellant's position is that in the instant case no testimony was offered by him or suggestion made that there were any oral negotiations prior to the contract, or that the parties intended the contract to express anything else than was actually contained in the completed agreement. Appellant contends that the parties themselves placed a construction on the contract differing from that adopted by the court. There is no testimony to that effect.

The final contention of appellant is that neither the complaint nor the cross-complaint contains a statement of facts sufficient to constitute a cause of action. His theory is that when the Turner Company assigned an undivided five-twelfths interest in the contract to the Campbell Company, it split the demand, imposing an obligation upon appellant

without his consent.  [2]  While an assignment of part only of an entire demand is void, at law, unless done with the consent of the debtor, it is valid in equity.  Under the practice at common law, a recovery upon such partial assignment could not be had, without averring, and proving, that it was made with the consent of the defendant.  Such an averment was immaterial in equity, and hence, under the code of this state, the complaint is not demurrable for lack of facts if it fails to contain such an allegation.  [3] Neither the complaint nor the cross-complaint, in the instant case, was demurrable for want of parties, for the plaintiff made its assignor a party defendant, and it has responded by filing a cross-complaint.  (*Grain* v. *Aldrich,* 38 Cal. 514, 520, 521, [99 Am. Dec. 423]; *Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8, 13, [Ann. Cas. 1913E, 840, 124 Pac. 536].)

The judgment is affirmed.

Richards, J., and Welch, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1920.

All the Justices concurred.