ULINE LOAN COMPANY, Respondent, v. STANDARD OIL COMPANY, Appellant.

(185 N. W. 1012.)

(File No. 4828.   Opinion filed December 20, 1921.)

1.   **Corporations—Agency—Realty Sale Contract by Corporation, Executed by Secretary, By-Laws Requiring President's Signature, Whether Purchaser Bound by By-Laws—Rule Stated.**

By-laws of a corporation, requiring contracts for sale of realty by it to be signed by the president and countersigned by the secretary, do not bind third persons; they bind only officers, directors and stockholders of the corporation, or third persons having knowledge of and having been brought into privity with the them, thereby establishing a contractual relation; following American Nat. Bank v. Wheeler— Adams Stock Co., 31 S. D. 524.   So held, in a suit by a corporation vendor to quiet title, defendant counterclaiming for specific performance of a contract of purchase of the realty.

2.   **Same—Loan Company With Power to Buy, Sell, Etc., Realty—Secretary-treasurer in Charge and Control of Business, Whether His Acts Those of Corporation, or of Agent—Statute of Frauds, Whether Applicable.**

Where a corporation organized for the purpose of loaning money on realty and other security and authorized "to take,

buy, hold, sell, mortgage, use and lease" realty, whose secre-
tary-treasurer was the sole officer in charge of its operations
and in charge of its place of business, and whose by-laws de-
nominated him its executive officer, the directors having turned
over complete management and control to him, he being held
out to the public by them as its general manager; **held**, that
his act in signing a contract of sale of realty was the act of
and bound the corporation itself, and was not the act of its
agent; it being well settled that when, in usual course of cor-
poration business, an officer has been allowed to manage its
affairs, his authority to represent it may be implied from man-
ner in which he was permitted by directors to transact its
business; that he was thereby authorized as general manager;
construing Sec. 856, Code 1919, as not bringing said officer
within meaning of the clause "or his agent thereunto authorized
in writing."

Appeal from Circuit Court, Minnehaha County. Hon. JOHN
T. MEDIN, Judge.

Action by the Uline Loan Company, a corporation, against
the Standard Oil Company, a corporation, to quiet title to realty,
defendant counterclaiming for specific performance of a contract
of purchase by it from plaintiff of the realty. From a judgment
for plaintiff, and from an order denying a new trial, defendant
appeals. Reversed.

*Martens & Goldsmith,* for Appellant.

*Krause & Krause,* for Respondent.

(1)  To point one of the opinion, Appellant cited: Am.
Nat. Bank v. Wheeler Auto Co., 31 S. D. 530; Barber v. Strom-
berg Carlson Telephone Mfg. Co., (Neb.) 116 N. W. 157.

Respondent cited: Hallenbeck v. Powers & Walker Casket
Co., (Mich.) 76 N. W. 119; Thomp. on Corp., Sec. 1600.

(2)  To point two, Appellant cited: Cunningham v. Ger-
man Insurance Bank, 41 C. C. A. 609, 201 Fed. 977; Fletcher on
Corp. Vol. 3, p. 3099 et seq.; White v. Creamery Co., 108 Iowa,
526, 79 N. W. 284; Ney v. Telephone Co., 162 Iowa, 535, 144
N. W. 383.

Respondent cited: Fleckner v. U. S. Bank, 8 Wheat. 360;
Stow v. Wyse, 7 Conn. 219, 18 Am. Dec. 99; Thompson v. New
South Coal Co. (Ala.) 93 A. S. R. 49; Groeltz v. Armstring Real
Estate Co. (Iowa) 89 N. W. 21; Sandifer v. Swan & Billups, 78
Ala. 88.

GATES, J.   Action to quiet title.   Counterclaim by defendant, seeking specific performance of the contract hereinafter mentioned.   Findings and judgment for plaintiff.   New trial denied. Defendant appeals.

The secretary-treasurer of respondent, in the name of respondent, executed an option contract giving appellant a 30-day option within which to buy certain business lots in Dell Rapids for a price specified.   Within such period appellant exercised the option, and a contract in writing was executed, by which appellant was to deposit the purchase price in a designated bank, to be delivered to respondent upon the delivery by it to the bank of a deed to the premises running to appellant, after the abstract of title was approved by appellant.   On the part of respondent the contract was executed in the name of Uline Loan Company, by E. J. Elliott, Secretary.   Appellant deposited the money as agreed. Respondent sent the abstract of title to appellant, together with an unsigned deed, which described the property and the parties. After title was perfected to the satisfaction of appellant, the board of directors of respondent met and adopted a resolution repudiating the transaction, and refused to permit a deed of the premises to be executed to appellant.   The basis of such refusal and the contention of respondent upon this appeal is the want of authority in Elliott, the secretary-treasurer of respondent, to bind the corporation by the contract, because it is claimed that the making of the contract was not within the scope of Elliott's authority, and because of the statute of frauds.

[1]   Of course, if Elliott is to be considered as the agent of respondent, within the meaning of the clause, "or his agent thereunto authorized in writing," found in section 856, Rev. Code 1919, then the conclusion of the trial court was right.   Not only was there no authorization in writing to Elliott to make the contract, but the by-laws of respondent required contracts to be signed by the president and countersigned by the secretary.   But appellant was not bound by the by-laws of respondent.   In American Nat. Bank. v. Wheeler-Adams Auto Co., 31 S. D. 524, 141 N. W. 396, we said:

"It is settled that a by-law of a corporation binds only officers, directors, and stockholders of the corporation, or third persons who have knowledge of and have been brought into privity

with it, so that it may operate to establish a contractual relation between the corporation and such third parties."

[2]   The respondent corporation was organized for the purpose of loaning money on real estate and other security, and it was also expressly authorized "to take, buy, hold, sell, mortgage, use and lease real estate." Its directors were Wilhelmina Uline (president), Alma C. Uline (vice president), and E. J. Elliott (secretary-treasurer). The directors met only when dividends were to be declared. The only acts performed by the officers, other than Elliott, were the signing of releases of mortgages. Elliott was the sole officer in charge of the operations of respondent, and the only person employed in its place of business. The by-laws denominate the secretary as the executive officer of the corporation, and as a matter of fact the directors turned over the complete management and control of the corporation to him. He was held out to the public by its directors as the general manager of the corporation. In 7 R. C. L. 623, we find the following statement:

"It is now well settled that when, in the usual course of the business of a corporation, an officer has been allowed to manage its affairs, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors to transact its business."

To the same effect, see American Nat. Bank v. Wheeler-Adams Auto Co., supra.

Elliott was clothed by the directors with the authority of a general manager. Therefore his acts, within the scope of the business of the corporation, were the acts of the corporation itself, and not the acts of an agent, within the ordinary meaning of the word "agent." In Atlantic & P. R. Co. v. Reisner, 18 Kan. 458, the court said:

"In other words, the general agent of the company is virtually the corporation itself. * * * General manager and general agent are synonymous terms."

In Marquette & O. R. Co. v. Taft, 28 Mich. 289, Cooley, J., speaking of the authority of a general superintendent of a railroad, said:

"His negligence is not to be regarded as the negligence of an

agent merely, but of the company itself, in whose place and stead he acts."

In Trenton St. Ry. Co. v. Lawlor, 74 N. J. Eq. 828, 71 Atl. 234, the court said:

"It is further contended that * * * it is not within the power of a general manager of a street railway company to authorize the compromise of a suit, unless he has special authority for that purpose from the board of directors. We know of no such rule. The implied powers of one who has been appointed general manager of a corporation are generally understood to be coextensive with the general scope of its business. Thomp. Corp. § 8556."

In West v. Washington Ry. Co., 49 Or. 436, 90 Pac. 666, the court, in speaking of the authority of a general manager of a railway company, said:

"In effect he became, in his dealings with the public, the corporation itself."

In Thomas v. Kanawha Valley Ry. Co., 73 W. Va. 374, 80 S. E. 476, the court said:

"The general rule is that the powers of a general manager or agent are coextensive with the business intrusted to him, and that he has apparent authority to bind the corporation by all contracts reasonably incident to that business, the reason for the rule being that the corporation, by the very act of appointing such general manager, holds him out to the public as one authorized to bind it by contracts necessary in the prosecution of its business."

In Glucose Sugar Ref. Co. v. St. Louis Syrup & P. Co. (C. C.) 135 Fed. 540, the court said:

"In a theoretical sense, it is true, the executive officers are said to be agents of the corporation, but in reality they are the moving force itself of the corporation. In these respects executive officers of a corporation differ materially from the agent of a natural person."

In McCartney v. Clover Valley L. & S. Co., 232 Fed. 697, 146 C. C. A. 623, 1 A. L. R. 1127, our own Circuit Court of Appeals has taken occasion to say the following, with which we agree:

"In our judgment section 2309 of the California Code, requiring an agent's authority to execute a contract in writing to

be itself in writing, does not apply to the executive officers of a corporation. It has never been the practice to require powers of attorney to confer authority upon such agents. We think the statute was intended to apply to agents proper; that is, persons who were not officers of the corporation. The executive officer of a corporation is something more than an agent. He is the representative of the corporation itself. It was early decided that directors, through they are only agents of the corporation, are exempt from the rule which requires the authority of an agent to be in writing in order to vest him with power to execute a deed. Burr v. McDonald, 3 Grat. (Va.) 215; Beckwith v. Windsor Mfg. Co., 14 Conn. 594; Despatch Line of Packets v. Bellamy Mfg. Co., 12 N. H. 205, 37 Am. Dec. 203. Let it be once established that the making of the contract is within the scope of the officer's authority, then no separate writing is required from the board or the stockholders to meet the requirements of the statute of frauds. There has been much discussion in the courts as to the implied authority possessed by the different executive officers of a corporation. The cases on the subject are collected in the last edition of Cook on Corporations, § 715 et seq. The point at issue, however, in those cases, was not the form of the authority, but its extent. Nothing is said in any of them about the statute of frauds, although many of them involve deeds and mortgages of real estate, so that the power of an independent agent to act on behalf of the corporation could only have been given by a written power of attorney. The courts have never held, so far as we can discover, that the power of executive officers to execute contracts which would fall within the statute of frauds must be in writing. Counsel has cited us to no such case, and we have been unable to discover any. It has frequently been held that authority from the board to an executive officer to execute a deed or mortgage on behalf of the corporation can be shown by parol. If the matter was controlled by the statute of frauds, this, of course, could not be done. Boggs v. Lakeport Agri. Park Ass'n., 111 Cal. 354, 43 Pac. 1106; Northwestern Fuel Co. v. Lee, 102 Wis. 426, 78 N. W. 584; Murray v. Beal, 23 Utah, 548, 65 Pac. 726. There are numerous authorities in which deeds and mortgages, executed on behalf of corporations by executive officers, without any resolution of the board, or any authority in writing, have been sustained"—citing many authorities.

It is strenuously contended by respondent that we should follow the decision of the Missouri court in Lindhorst v. St. Louis P. O. Asylum, 231 Mo. 379, 132 S. W. 666. The agent in that case, whose authority was challenged, was not an officer of the corporation, but was an ordinary real estate agent, who acted for any one who might employ him. Of course that decision was right, under the facts of that case; but the facts in the case before us are entirely different. It seems to us that the great weight of authority, especially as disclosed in the cases referred to in the note in 1 A. L. R. 1132-1135, sustains the views of our Circuit Court of Appeals above set forth, and that such views are consonant with reason.

We therefore are of the opiinon that the acts of Elliott in executing the option and the contract were the acts of the corporation itself, and that the above-quoted portion of said section 856 Rev. Code 1919, has no application to the contract in question.

It follows that the trial court should have compelled respondent to perform its contract with appellant. The judgment and order appealed from are reversed.