[Sac. No. 2905. In Bank.—December 12, 1922.]

## J. D. MARTIN, Appellant, v. E. H. HOWE et al., Respondents.

[1] APPEAL—TRANSFER AFTER DECISION BY DISTRICT COURT OF AP-
PEAL—EFFECT OF.—A transfer of a case to the supreme court
after decision by the district court of appeal sets the case at
large for decision upon the entire record, regardless of whether
the transfer is made by the court of its own motion or on the
petition of any of the parties.

[2] PROMISSORY NOTE.—JOINT OWNERSHIP—RECOVERY OF PORTION—
PLEADING—PARTIES.—A joint owner of a promissory note may
maintain an action for the recovery of the portion thereof
to which he is entitled, where he joins the owners of the re-
mainder as parties defendant.

[3] ID.—JOINDER AS DEFENDANT—ABSENCE OF REQUEST—PRAYER FOR
AFFIRMATIVE RELIEF—WAIVER OF OBJECTION.—The objection that
a joint owner of a promissory note was made a defendant in an
action without being notified to join as plaintiff and refusing to
do so, is waived by appearance and prayer for affirmative re
lief.

[4] STOCKHOLDER'S LIABILITY—TIME OF ACCRUAL OF INDEBTEDNESS—
SUFFICIENCY OF EVIDENCE—STATUTE OF LIMITATIONS.—In this ac-
tion to recover from the stockholders of a corporation on a
promissory note given to replace an earlier one and executed on
behalf of the corporation by its president and secretary, the
finding as to the time of the accrual of the indebtedness is
sustained by the evidence, although no record was kept of the
directors' meeting authorizing the execution of the note, and
consequently the action was barred as to those stockholders who
were not joined as defendants within three years after such
accrual.

APPEAL from a judgment of the Superior Court of Tu-
lare County. J. A. Allen, Judge. Affirmed in part, re-
versed in part.

The facts are stated in the opinion of the court.

Lamberson, Burke & Lamberson, Morrison, Dunne &
Brobeck and Roland C. Foerster for Appellant.

Everts, Ewing & Wild for Respondents.

WILBUR, J.—After decision in this action a petition for rehearing was filed in which it was claimed that the parties had not presented the question of the bar of the statute of limitations satisfactorily because the case was transferred to this court on petition of the defendants who were not involved in that question, and consequently it was believed that the matter would not be considered by this court, but that the conclusion of the district court of appeal on that branch of the case would be adopted . without question. [1] On the contrary, the transfer of the case here by the court of its own motion or on the petition of any of the parties, set the case at large for the decision of this court upon the entire record. The liability of the defendants who did not appear in the petition for a transfer to this court turned upon the question of whether or not the liability of the corporation was created more than three years prior to the filing of the amended complaint in which they were joined as defendants for the first time in the action. This amended complaint was filed March 17, 1914. The note sued upon was dated April 22, 1911. This note was given to replace an earlier note of March 7, 1911, executed on behalf of the corporation by the president and secretary, and the question involved is as to whether or not this note was duly authorized and the original indebtedness thereby created. From an examination of the record we are satisfied that the finding of the trial court that the indebtedness accrued before the 17th of March, 1911, is sustained by the evidence, as it appears that this note was given at a meeting of the board of directors and then and there duly authorized, although no minutes of that meeting or of that authorization were entered upon the records of the corporation.

Upon other branches of the case we adopt the opinion heretofore prepared by Mr. Justice Lawlor as follows:

"This action was brought by the plaintiff, J. D. Martin, to recover from the defendants, as stockholders in the Lindsay Incorporated Oil Company, forty-four per cent of the amount due on a promissory note given to plaintiff and defendants B. B. Dudley and E. R. Dudley by that company, dated April 22, 1911, and secured by a mortgage. The cause was tried by the court sitting without a jury. Findings of fact and conclusions of law were made and filed and

judgment rendered thereon in favor of the defendants. From that judgment this appeal is taken.

"At the time the note was executed, appellant and respondents E. R. Dudley and B. B. Dudley were partners. The Lindsay Incorporated Oil Company, in which respondents were stockholders, purchased from the partnership a tract of oil land in Kern county for $32,000. On March 7, 1911, a promissory note for $4,000 was executed by three stockholders in favor of the partnership. For the balance of $28,000 a note was given, payable to the partnership, made under the corporate name, signed by the president and secretary of the company and endorsed by several of the stockholders, but not bearing the corporate seal. Some time between March 7, 1911, and March 11, 1911, a deed was given by the partnership to a committee appointed by the corporation, in return for these notes.

"On March 18, 1911, a note secured by a mortgage on the land purchased was regularly issued by the company and the note of March 7 was taken up by the company. Because of some defect in the execution of the note of March 18, 1911, the note and mortgage of April 22, 1911, were executed and delivered to take their place.

"The partnership between appellant and respondents B. B. Dudley and E. R. Dudley was dissolved by agreement of the partners on June 27, 1911, and by the agreement of dissolution appellant became the owner of forty-four per cent of the promissory note of April 22, 1911, and each of the Dudleys of twenty-eight per cent. In March, 1914, respondent B. B. Dudley transferred his interest in the note to respondent E. R. Dudley.

"Appellant commenced this action on October 23, 1913, against respondents E. H. Howe, Ernest Howe, W. A. Morley, H. E. Redmond, L. A. Sturgeon, L. G. Stallings, M. W. Grace and W. K. Flynn. On March 17, 1914, an amended complaint was filed in which respondents C. B. Jackson, J. M. Birkhead, T. E. Winters, O. L. Flynn, H. Roth, A. P. Haliburton and P. M. Northern were named as defendants for the first time. A second amended complaint was filed on May 16, 1914, in which E. R. Dudley and B. B. Dudley were made defendants. It was alleged that they had 'refused to join the plaintiff in the commencement of this action,' and the prayer as to them was that they 'be

required to answer herein, stating their rights in the premises, if any such they shall claim.' Respondents E. R. Dudley and B. B. Dudley in their answer alleged the transfer of B. B. Dudley's interest in the note and mortgage to respondent E. R. Dudley; denied that either of them had refused to join as plaintiffs; prayed that appellant have judgment against the other respondents and that respondent E. R. Dudley have fifty-six per cent of such judgment, or such other or further relief as is meet in the premises.

"The other respondents in their answer alleged the indebtedness was incurred on or about February 2, 1911; that on or about August 3, 1911, by a settlement had between the oil company, appellant and respondents E. R. Dudley and B. B. Dudley, it was agreed the amount then unpaid on the note was $20,000 and interest; and that the action was barred by subdivision 1, section 338 of the Code of Civil Procedure. By way of special defense it was alleged that prior to their joinder as defendants in this action, respondents E. R. Dudley and B. B. Dudley had filed an action against the other respondents, in Tulare county, seeking to hold them on their stockholders' liability for the same indebtedness; and that prior to the filing of the complaint in this action, a suit was commenced by them in Kern county to foreclose the mortgage securing the note upon which this action is brought. Answering the prayer of respondents E. R. Dudley and B. B. Dudley, they pleaded the three-year limitation upon a liability created by statute, provided by subdivision 1, section 338, of the Code of Civil Procedure, and by way of special defense set up the institution of the two actions by the Dudleys in bar of their right to relief in this action.

"The only findings of the court which we need refer to were that the indebtedness of the oil company was incurred on March 7, 1911; that the note of April 22, 1911, was given as evidence of the debt previously incurred; that since the debt was incurred on March 7, 1911, the action was barred by sudivision 1, section 338, of the Code of Civil Procedure as to those respondents above named who were joined as defendants for the first time in the amended complaint of March 17, 1914; that neither the oil company nor the respondent stockholders ever consented to the division of the debt among the partners; that but $4,000 has been paid

on the principal and no interest has been paid on the remaining $24,000; that on March 7, 1911, there were 20,000 shares of stock outstanding, of which 2000 shares were owned by each of the respondents named in the original complaint, and none by the respondents joined in the amended complaint; that neither respondent E. R. Dudley nor respondent B. B. Dudley was ever requested or ever refused to join with appellant in the commencement of this action.

"The conclusions of law were to the effect that appellant take nothing against respondents, and that respondents have judgment against appellant for their costs.

"From the opinion of the trial judge it appears that the judgment was rendered upon two grounds. The first was that the indebtedness was incurred by the oil company before March 11, 1911, and, therefore, in any event, was barred by the statute of limitations as to the respondents joined for the first time on March 17, 1914. Second, that appellant could not recover against any of respondents because he was suing for forty-four per cent of an entire demand and had split his cause of action; that, although the Dudleys were joined as defendants, they had not asked for anything more than a portion of such an amount as might be recovered by appellant; and that an action for a portion of a single demand cannot be maintained when the debtor has not consented to a division of the debt, which was not done in this case.

"Appellant contends that under the facts of this case he is entitled to recover forty-four per cent of the amount of the note; that the evidence does not support the finding that the indebtedness was created before March 11, 1911; and that the statute of limitations has not been properly pleaded. Respondents 'submit that with this state of facts where it clearly appears that an effort is being made in this suit to recover only a portion of a promissory note, . . . that this action cannot be maintained and a judgment cannot be rendered under the complaint on file herein.'

"We are of the opinion appellant's contention is correct. In 1 Corpus Juris, 1110, it is said: 'As a general rule, a single cause of action or claim arising out of an entire contract cannot without the debtor's consent be split up by means of partial assignments, so as to become the subject of different actions; but as in other cases this may be done

with the debtor's consent, and even without his consent a partial assignment may be enforced in equity if the other persons interested are brought in as parties to the suit.'

"*Fourth Street Bank* v. *Yardley,* 165 U. S. 634, 644 [41 L. Ed. 855, 17 Sup. Ct. Rep. 439, see, also, Rose's U. S. Notes] was a suit on an assignment of a part of a bank account. It was there held 'That the owner of a chose in action or of property in the custody of another may assign a part of such rights, and that an assignment of this nature, if made, will be enforced in equity, is also the settled doctrine of this court. (*Trist* v. *Child,* 21 Wall. 441, 447 [22 L. Ed. 623, see, also, Rose's U. S. Notes]; *Peugh* v. *Porter,* 112 U. S. 737, 742 [28 L. Ed. 859, 5 Sup. Ct. Rep. 361].)'

"In *Chambers* v. *Lancaster,* 160 N. Y. 342 [54 N. E. 707], a contractor subcontracted with another to furnish machinery for a third party, assigning to the subcontractor the right to collect the portion of the contractor's fee which he was to receive upon delivery of the machinery. The action was brought to collect that amount. In considering an objection that certain testimony was erroneously admitted, the court said: 'This testimony only bore upon the question of plaintiff's right to recover that which was but a part of an entire cause of action. This the defendant company insists the plaintiff cannot do. Such was formerly the rule, but it has long been settled in this state that a valid assignment of a part of an entire debt or obligation can be made, and since the decision of this court in *Risley* v. *Phenix Bank of New York,* 83 N. Y. 318 [38 Am. Rep. 421], the right of an assignee to bring suit on the equity side of the court, making the assignor, as well as the debtor, a party, has been frequently resorted to, and is supported by the decision in Risley's case, the court saying: "The tendency of modern decisions is in the direction of more fully protecting the equitable rights of assignees of choses in action, and the objection that to allow an assignment of part of an entire claim might subject the creditor to several actions to enforce a single obligation, has much less force under a system which requires all parties in interest to be joined as parties to the action.' "

"*National Exchange Bank* v. *McLoon,* 73 Me. 498 [40 Am. Rep. 388], was a case where a person who was entitled to certain property in the hands of trustees as adminis-

trators, assigned an amount equal to what he thought was all of such property to creditors. It later appeared the property held for him exceeded the amount assigned, and other creditors trustced the administrators. In holding that the assignees might recover their portion of the money, the court said: 'In a court of equity, however, the objections to a partial assignment of a demand which are formidable in a court of law, disappear. In equity, the interests of all parties can be determined in a single suit. The debtor can bring the entire fund into court, and run no risks as to its proper distribution. . . .

" 'The debtor is not the only party whose interests should be considered. There is as much natural equity, in many cases, in protecting an assignment of a part of a claim as an assignment of the whole of it. Equitable assignments are the outgrowth of the requirements and refinements of the present business era. In many ways, directly and indirectly, do circumstances create assignments of parts of funds, in dealings through servants, tenants, consignees, bankers and other agencies.'

"In *Grain* v. *Aldrich*, 38 Cal. 514 [99 Am. Dec. 423], the plaintiff sued to recover part of an entire debt, without joining his assignor. The court said: 'Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court, merely because his facts do not entitle him to relief *at law*, or merely because he is not entitled to relief *in equity*, as the case may be. He can be sent out of court only when, upon his facts, he is entitled to *no relief*, either at law or in equity. . . . Under the English practice, a court of equity would not grant the plaintiffs relief, as the case now stands; not, however, upon the ground that the *facts* do not entitle him to it, but because *all of the parties* interested in the subject-matter are not before the court. . . . Under our system of practice, then, the real objection in this case is not a want of *facts*, but a want of *parties*. The defendants are entitled, if they so desire, to have all the parties having an interest in the subject-matter before the court, in order that its judgment shall be a final determination of the whole matter, and leave nothing to be done by piecemeal.'

[2] "From these cases it follows that appellant was not required to ask for a recovery of the whole amount of the note. It was sufficient for him to join respondents E. R. Dudley and B. B. Dudley, the owners of the remainder of the obligation, as parties defendant. Once joined, it devolved upon them, as prayed in the complaint, to set up any claim they had in the subject matter, the execution of the note and appellant's claim having already been set forth. The rights of all the parties could then be settled in the one action. It would have been necessary for appellant to have joined these respondents if he had sued for the entire amount, and the final judgment would have been the same in such a case as in this one, where they themselves can ask for such relief as they may desire. An entirely different situation is presented here, where these parties are joined, and can defend their rights in the subject-matter in the one action, than in the ordinary case of splitting a cause of action, where one person sues to recover part of his claim in one action, and later brings a second action to recover the remainder. Even in such a case, the defendant's objection would not be to the circumstance that the plaintiff brings the first suit for a less amount than is due, but that a second action is brought to recover the balance. (*Paladini* v. *Municipal Markets Co.,* 185 Cal. 672 [200 Pac. 415]; *Smith* v. *Vandalia Railroad Co.,* 188 Ill. App. 426, 429.)

"Respondents have cited several authorities in support of their position, but in our opinion none of them is authority for their contention. The first of these is *Nightingale* v. *Scannell,* 6 Cal. 506 [65 Am. Dec. 525], wherein the question was presented whether or not in an action by one partner to recover damages for a trespass against partnership property, a partner joined as a defendant because he refused to join as a plaintiff could testify in the action. It was said that since in such a case 'the recovery must be entire for the whole injury' and 'the whole cause of action must be determined in one' and 'the partner recovering is liable to account to his copartner defendant,' the latter is 'interested immediately in the event of the suit, and is not therefore a competent witness for plaintiff.' But in that case the plaintiff was seeking to recover for an injury to the partnership property, on behalf of the partnership. As far as he was concerned personally, he only sought damages to the amount

of his interest in the goods, and there was no objection to his recovering that amount. In *Thomas* v. *Rock Island G. and S. Mining Co.,* 54 Cal. 578, an assignee of one-half a judgment sued to set aside an order and entry of satisfaction, and for a judgment for his interest in the first judgment. It was held such an action could not be maintained without the express agreement or distinct ratification of the judgment debtor, but it did not appear there that the judgment creditor had been joined as a party to the suit. *Clancy* v. *Plover,* 107 Cal. 272 [40 Pac. 394], involved the right of an assignor to recover what was due to him under a mechanic's lien after a subcontractor as an assignee had already recovered from the debtor the portion due him, the subcontractor not having joined the assignor in the first suit. That case is, therefore, not authority here, and it clearly appears from that case that the assignee in the previous action had been allowed to recover a part of the total amount due.

[3] "Respondents in this connection contend appellant has never properly joined respondents E. R. Dudley and B. B. Dudley as parties defendant under section 382 of the Code of Civil Procedure, which provides that 'if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint.' Respondents E. R. Dudley and B. B. Dudley in their answer denied they had been requested to join as plaintiffs, and it is insisted on behalf of all the respondents that the evidence showed clearly that they had not been requested and never refused to so join. As far as the respondents other than E. R. Dudley and B. B. Dudley are concerned, it is sufficient if the two latter respondents are made parties in some capacity, so that their rights may be determined in this action. (In *Patten* v. *Pepper Hotel Co.,* 153 Cal. 460 [96 Pac. 296], the junior pledgee of a promissory note, secured by a mortgage, commenced an action to foreclose the mortgage. The senior pledgee was made a party. The defendant demurred on the ground of defect of parties, in that there was no allegation that the senior pledgee had refused to join as plaintiff. It was said in that case that 'All those, therefore, who were interested in enforcing the lien of the mortgage, were before the court either as parties plaintiff or defendant. This was

all that the appellant, as successor in interest to the mortgagor, could insist on. It was immaterial to the appellant, as such successor, whether the bank as first assignee of the note and mortgage, was a party plaintiff or defendant. If the bank did not object, it did not lie with appellant as successor of the mortgagor to raise the question.' With reference to respondents E. R. Dudley and B. B. Dudley, they in their answer alleged the same facts concerning the execution of the note and mortgage as did appellant, and they asked for general relief. The matter of requesting a person to become a plaintiff before joining him as a defendant closely resembles that of serving a party with process, and may properly be governed by the same rules. It is unquestioned that where a defendant appears and asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and of his person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance, upon its terms, is limited to a special appearance or not (*Security Loan etc. Co.* v. *Boston etc. Fruit Co.,* 126 Cal. 418 [58 Pac. 941, 59 Pac. 296]; *Thompson* v. *Alford,* 128 Cal. 227 [60 Pac. 686]), and when a party appears generally he is deemed to waive service of process. (*Hibernia Savings and Loan Soc.* v. *Cochran,* 141 Cal. 653 [75 Pac. 315].) Respondents E. R. Dudley and B. B. Dudley must, therefore, be deemed to have waived the request by their appearance in the action and prayer for affirmative relief. They are in no way prejudiced, for they are in a position to protect their rights fully as well by their cross-complaint as they would have been had they been joined as plaintiffs. . . .''

[4] As above stated, we are satisfied that the evidence sufficiently shows that the obligation of the corporation accrued before March 17, 1911. That a deed was received by the corporation before that time and that in consideration thereof a note was executed in the corporate name on behalf of the corporation by the president and secretary and indorsed by five of the directors is conceded. The only doubt as to the authority of the president and secretary to execute the note of March 7, 1911, on behalf of the corporation arises from the fact that no record was kept of the transaction at the meeting of the board of directors. Several wit-

nesses, however, testified there was such a meeting and that at such meeting the purchase of land and the execution of the note were authorized. This evidence was sufficient to sustain the finding of the court to the effect that the obligation was authorized by the corporation and that its liability thereupon accrued more than three years before the amendment of the complaint joining the defendants first named in the amended complaint, filed March 17, 1914, to wit, C. B. Jackson, J. M. Birkhead, T. E. Winters, O. L. Flynn, H. Roth, A. P. Haliburton and P. M. Northern. (*Gilson Quartz M. Co.* v. *Gilson*, 51 Cal. 341; *Boggs* v. *Lakeport A. P. Assn.*, 111 Cal. 354 [43 Pac. 1106]; *Lawrence* v. *Premier Indem. Assur. Co.*, 180 Cal. 688, 697 [182 Pac. 431]; 6 Cal. Jur. [Corporations], secs. 130, 131; 2 Thompson on Corporations, 2d ed., secs. 1842, 1845, 1847.) The obligation of the corporation was incurred before these last named defendants became stockholders and they are not liable, therefore, regardless of the bar of the statute of limitations. The judgment in their favor was correct.

The trial court found that the indebtedness of the corporation was incurred March 7, 1911. At that time there was outstanding 20,000 shares of the capital stock of the corporation, of which the defendants E. H. Howe, Ernest Howe, W. A. Morley, H. E. Redmond, L. A. Sturgeon, L. G. Stallings, M. W. Grace and W. K. Flynn each owned 2,000 shares so that each was liable for one-tenth of the indebtedness. The other 4,000 shares outstanding were owned, 2,000 by H. A. Briscoe and 2,000 by W. S. Berry, who were not made parties defendant in the second amended complaint. The court found that the total indebtedness of the corporation upon the note in question was $28,000, less certain payments which reduced the principal sum to $24,000. The trial court found that the plaintiff J. D. Martin owned forty-four per cent of the indebtedness and defendants B. B. Dudley and E. R. Dudley each owned twenty-eight per cent of the indebtedness.

It is unnecessary that the case be retried.

The judgment in favor of defendants C. B. Jackson, J. M. Birkhead, T. E. Winters, O. L. Flynn, H. Roth, A. P. Haliburton and P. M. Northern is affirmed. The judgment in favor of the other defendants is reversed. The trial court is directed to enter judgment in favor of the plaintiff and

the defendants B. B. Dudley and E. R. Dudley against the defendants E. H. Howe, Ernest Howe, W. A. Morley, H. E. Redmond, L. A. Sturgeon, L. G. Stallings, M. W. Grace and W. K. Flynn in accordance with their rights and obligations as fixed in this opinion; that is to say, the judgment against each defendant shall be one-tenth of the amount due on the obligation of the corporation as fixed in the findings of fact, and this amount shall be apportioned as follows, to wit: Forty-four per cent to the plaintiff and twenty-eight per cent to defendant B. B. Dudley and a like amount to defendant E. R. Dudley. The amount of indebtedness found by the trial court to be due from the corporation shall be credited with the payments, if any, resulting from the foreclosure of the mortgage securing such indebtedness. The court may permit such supplementary pleadings and evidence as may be necessary to establish such payments, if any have been made.

Lawlor, J., Lennon, J., Waste, J., Sloane, J., Shurtleff, J., and Shaw, C. J., concurred.