[Civ. No. 7824.   First Appellate District, Division One.—November 25, 1931.]

·WALTER H. POTTER, Appellant, v. W. J. P. LAWTON et al., Respondents.

B. S. Gregory for Appellant.

J. W. O'Neill and James H. Boyer for Respondents.

KNIGHT, J.—This is an appeal by plaintiff from a decree entered in a suit instituted by him as partial assignee of a promissory note and deed of trust to establish his interest therein and to obtain certain other relief. The trial court by its findings determined the extent of plaintiff's interest, but by its decree did not grant the full relief

sought and for that reason plaintiff contends that the decree is erroneous.

The complaint alleged that Fred L. Kernes and wife executed to W. J. P. Lawton and wife their promissory note for the sum of $1230, secured by a deed of trust, naming Central Title Company, Inc., as trustee; that the Lawtons assigned to plaintiff a $750 interest in said note and trust deed; and on information and belief it was alleged in paragraph III of the complaint that Louis Horning and wife were then the owners of the real property covered by the trust deed, and were ready, able and willing to pay said note, and desired to have the property released from the lien of said trust deed; that they had offered to pay the amount due upon the surrender of the note and the execution of a reconveyance of the property, but that the Lawtons had refused to authorize such reconveyance unless the whole amount due on the note was paid to them. The prayer of the complaint was that the court by its decree establish the extent of plaintiff's interest in said note and trust deed and require the Lawtons to deliver said note and trust deed to the court; that the Hornings be allowed to pay the amount due on said note and trust deed into court, and that thereupon it be decreed that said Title Company execute and deliver to the Hornings a reconveyance of said property and that said note be canceled; that of the sum so paid into court plaintiff receive $750 with interest and costs.

The Lawtons and the Title Company demurred to the complaint upon numerous grounds, among them being that there was a defect of parties defendant in that the Kernes, the makers of the note and trust deed, were not made parties defendant. The demurrers were overruled, and thereafter the Lawtons and the Title Company answered, denying among other things the allegations of paragraphs III and IV of said complaint. There was no appearance in the action at any time by the Hornings, and the trial proceeded on the issues raised by said answers.

The court found that it was true that plaintiff was an owner by assignment of a $750 interest in said note and trust deed as alleged in paragraphs I and II of the complaint; but it further found that the allegations of paragraph III and a portion of those embodied in paragraph IV were not true. The substance of paragraph III is hereinabove set out, and

according to the negative findings thereon the Hornings were not the owners of said property, nor ready, able or willing to pay the note and take a reconveyance of the property, nor prevented from so doing by the action of the Lawtons in refusing to authorize a reconveyance. And the negative findings upon the allegations in paragraph IV were to the effect that is was not true that plaintiff had requested the Title Company to reconvey said property upon the payment to plaintiff of the amount due under his assignment, nor that the Lawtons would not permit this to be done unless the total amount of the note was paid to them. The trial court's conclusions of law were "that plaintiff should take nothing by this action, but, without prejudice to any rights of the Hornings mentioned in said complaint to have the matters herein adjudicated and the rights of all parties mentioned herein determined". The form of the judgment followed the form of the foregoing conclusions.

It is doubtless true, as plaintiff contends, that a partial assignee may bring a suit in equity to have his rights under the assignment determined, and may, if he so desires, bring before the court all parties having an interest in the subject matter and thereby obtain a judgment finally determining the whole matter, leaving nothing to be done by piecemeal. (*Martin* v. *Howe*, 190 Cal. 187 [211 Pac. 453]; *Gause* v. *Pacific Gas & Elec. Co.*, 60 Cal. App. 360, 371 [212 Pac. 922]; *Goldman* v. *Murray*, 164 Cal. 419 [129 Pac. 462]; *T. D. Campbell & Co.* v. *Holehan*, 48 Cal. App. 568 [192 Pac. 121].) But in the present case neither the Kernes, the makers of the note and trust deed, and who according to the negative findings relating to paragraph III were still the owners of the property and therefore liable on said note, nor the Hornings, whom plaintiff claims are the present owners of the property and entitled to a reconveyance, were brought in as parties defendant. The Kernes were not even named as such in the complaint, and although Mrs. Horning, as a witness, testified in response to a leading question propounded by plaintiff's counsel that she was a party defendant, the record fails to show that she or her husband ever appeared in the action, or that either was ever served with summons. Something is said in plaintiff's brief about the defaults of the Hornings having been entered; but

this is denied by respondents and the record fails to disclose any such entry.

Therefore it was the want of jurisdiction over parties as well as the want of findings that precluded the court from granting the full relief sought. The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 24, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1932.