SHAW, P. J.
Plaintiff’s assignor, Landfield, was a real estate salesman, licensed to act as such under the defendant, Clevelin Realty Corporation, which was a licensed real estate broker, and this action is brought to recover compensation claimed to have been earned by Landfield while acting as such salesman. The defendant filed a cross-complaint against Land-field, alleging that he had been guilty of fraud in making some of the sales for which plaintiff claims compensation, and that defendant had been compelled by reason of such fraud to make settlements and adjustments with the purchasers, and had been damaged thereby. The same matter was pleaded in the answer as an offset to plaintiff’s claim. The defendant appeals from a judgment against it on both complaint and cross-complaint.
The testimony given by defendant’s treasurer, Schultz, is sufficient to support the .implied finding that the sum of $561.17, awarded plaintiff by the judgment, was due to Land-field from defendant for commissions. But the evidence also shows without dispute that defendant is entitled to have $300 deducted from that amount for the price of land conveyed to Landfield by defendant. The agreement for the purchase of this land by Landfield from defendant is admitted by plaintiff, as is the receipt of the deed. The agreement provides that the price, $300, is to be a charge against Land-field’s contingent commission account and to be retained by defendant from moneys received by it against that account.
Plaintiff now objects to that deed on the ground that the authority of those who executed it for defendant is not shown. Schultz testified that a resolution conferring such authority had been passed by the board of directors. It is true the minute book and the original resolution were not produced, but a corporation minute book is not the only competent evidence to prove the passage of resolutions by its board of directors. Oral evidence is permissible for that purpose. (Boggs v. Lakeport etc. Assn., (1896) 111 Cal. 354, 357 [43 P. 1106] ; Michaels v. Pacific S. W. Laundry, (1930) 104 Cal.App. 349, 362 [286 P. 165, 1071].) Oral proof of the contents of the resolution might have been subject to the best evidence rule, but no objection to the evidence on that *908 ground appears. No evidence in disproof of the authority to execute the deed was given. Nothing appeared, therefore, to authorize the belated attempt to rescind this transaction because of non-performance by defendant, made by plaintiff rather than Landñeld, at the hearing of the motion for a new trial, even if rescission could properly be had at that stage of the proceedings.
It appears without dispute that the land which plaintiff’s assignor, Landfield, sold for defendant and for sale of which compensation is claimed, was owned by. defendant. On this fact a doubt arose whether plaintiff’s claim was not barred by the provisions of the California Real Estate Act (Deering’s General Laws 1937, Act 112, Stats. 1919, p. 1252 as amended), and re-argument was allowed on this question. We have concluded that the action is not so barred. The statute above mentioned provides for licensing real estate brokers and real estate salesmen, a salesman’s license authorizing him to act only under the particular broker by whom he is employed when it is issued. Section 2 defines the term “real estate broker” so as to include “a person, copartnership or corporation who, for a compensation” does any of a series of acts which may be characterized generally as negotiating real estate transactions, “for another or others.” It defines “real estate salesman” so as to include “one who for a compensation is employed by a licensed broker” to do any of the acts which are included in the definition of a broker. The definition of a salesman does not include the words “for another or others,” appearing in the definition of a broker, or any other words which expressly limit the acts of a salesman to those done for principals other than the broker by whom he is employed. We see no reason to read such limitation into the definition of a salesman, by implication.
Section 2 does, it is true, further provide that the statute,—except sections 19a and 20a to 20 1, which relate to approval of subdivisions of land by the Real Estate Commissioner and are of no consequence here—“shall not apply to anyone who shall directly perform any of the acts aforesaid with reference to his own property, ” or in case of corporate owners to their regular officers performing such acts without special compensation. Defendant being a corporation, its regular officers could act under this provision without licenses, but the provision does not purport to provide what sort of license its other employees must hold in order to act for it. Section 2 further provides that “one act, for a com *909 pensation of buying or selling real estate for another” etc. shall constitute the person doing so “a real estate broker or salesman under this act.” The salesman selling his employer’s land acts “for another,” but it is consistent with the provision last quoted that he remain merely a salesman when doing so.
Section 18 makes it unlawful for a licensed broker to pay “compensation for performing any of the acts herein specified”—the reference by “herein” apparently being to the act as a whole—“to any person who is not a licensed broker, or a salesman licensed under the broker paying the compensation,” and forbids a real estate salesman to “accept compensation from any person other than the broker under whom he is at the time licensed.” These provisions are also consistent with plaintiff’s right to recover for the acts done by Landfield here. The first of them is broad enough to include acts which would, except for plaintiff’s position as salesman, be those of a broker; and neither contains any words which limit the compensation which may be paid by a broker to his salesman to transactions in which the broker is acting as such. Section 18 further provides that it is a misdemeanor “for any person, firm or corporation, whether obligor, escrow holder or otherwise, to pay or deliver to anyone a compensation for performing any of the acts specified in section 2 hereof, who shall not be known to be, or present evidence to such payor that he is a regularly licensed real estate broker at the time such compensation is earned.” This reference to section 2 is broad enough, if it stood alone, to include acts as a salesman, but its context, both in this sentence and in the provisions of section 18 previously referred to, show that it does not intend to deal with payments made by a licensed broker to a salesman licensed under him.
A possible objection to the conclusion wé have stated is that it renders the words “licensed broker,” in the definition of a salesman, to a considerable extent a mere description of the person who employs the salesman, rather than a designation of the field in which the salesman acts for him. However, this is a reasonably possible interpretation of the words used, which are ambiguous in this respect, and it is to be preferred because of the very inconvenient results of a contrary interpretation. [6] “ In construing a doubtful statute, no doubt the court may take into consideration any great inconvenience which may result from a given construction.” *910 (23 Cal.Jur. 768; Reithardt v. Board of Education, (1941) 43 Cal.App.2d 629, 633 [111 P.2d 440].) Where a statute is ambiguous, the court “may look beyond the law itself and take into consideration the consequences of a particular construction or interpretation, and if the language used permits, give to the statute a construction which is in harmony with sound sense and wise policy-—one which will make the statute practically operative with the least injury to those upon whom it spends its force so that a statute designed to regulate will not be so construed as to destroy.” {In re La Belle (1940) 37 Cal.App.2d 32, 38-9 [98 P.2d 778].)
It is a matter of common knowledge, and no doubt the Legislature when it enacted this statute was aware, that subdivisions of land for the purpose of sale are often promoted and placed on the market, at least in part, by real estate brokers who own them or have some interest in them beyond the mere expectation of earning broker’s commissions by their sale, and that in many other eases brokers own or have such an interest in the land which they sell. It would be a matter of great inconvenience if in such cases the brokers could not set the salesman employed by them at the work of selling such land, but must employ other brokers for that purpose. Upon the salesman would be placed the burden of ascertaining before entering into a transaction whether his employer had any interest in the land involved, or taking the chance of working for nothing if such interest existed. These results would necessarily follow from the provisions of section 18, unless a salesman may be regarded as acting in that capacity when he sells his employing broker’s own land. Construing the statute according to the rule of convenience above stated, we think he may be so regarded. The act itself suggests no reason for not so construing it. Its purpose is to require honesty and fair dealing on the part of those engaged in- the real estate business, and this purpose is to be carried out by requiring proof of honesty and good reputation before a license to engage in that business, either as broker or salesman, can be issued (secs. 9a, 9b), and providing for revocation of a license to act in either capacity for dishonesty or fraud (sec. 12). A salesman selling his employer’s own property stands in no relation to the public with whom he deals substantially different from that of a salesman selling, in behalf of his employer, the property of others. Under our construction of the statute the sanctions of the statute, in *911 tended to ensure Ms honesty, will apply to a salesman equally in either case, and thus its purpose will be as fully carried out as if the owning and selling broker were to employ another broker, instead of his own salesman, to sell for him.
We do not find it proper to modify the judgment by deducting from it the sum of $300 herein discussed, and thereupon to affirm it, because of defendant’s cross-complaint and the offset pleaded in the answer. Defendant offered substantial evidence in support of its allegations, and we would not be warranted in passing upon the weight of this evidence, as we must do in order to make a finding here on the amount, if any, to be awarded plaintiff. The questions arising on this cross-complaint and offset have not been discussed, so we express no opinion upon them, but suggest that if this matter is urged on a new trial more attention be given to the question of measure of damages than it appears to have received heretofore.
The judgment is reversed, and the cause is remanded to the municipal court for a new trial, appellant to recover its costs of appeal.
Fox, J., and Kincaid, J. pro tern, concurred.